**UNITED STATES of America**

v.

**Richard R. HATHAWAY.**

**CR. A. No. 90–27–01.**

United States District Court, D. Vermont.

Feb. 12, 1991.

R. Jeffrey Behm, Assistant U.S. Atty., Burlington, Vt., for plaintiff.

A. Jeffry Taylor, Rutland, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, Chief Judge.

On June 13, 1990, defendant Richard R. Hathaway pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) but objected to enhanced sentencing under 18 U.S.C. § 924(e). The government contends that the conditions necessary for enhancement of sentence have been met.

For the reasons stated below, defendant's objection to the application of section 924(e) is REJECTED.

### Background

On May 10, 1990, Hathaway was charged in a superseding indictment with two counts of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment requested enhanced sentencing pursuant to 18 U.S.C. § 924(e)(1) in view of Hathaway's previous convictions in Vermont District Court on two counts of armed robbery and one count of third degree arson. On June 13, 1990, Hathaway pled guilty to one count of the indictment.

At the sentencing hearing, Hathaway objected to the use of the third degree arson conviction for enhancement purposes, claiming that 13 V.S.A. § 504, Vermont's third degree arson statute, does not qualify as the type of "violent felony" that was contemplated by Congress when it enacted section 924(e).

### Discussion

In 1984, Congress enacted the Armed Career Criminal Act, which included a minimum mandatory sentence of fifteen years imprisonment for "a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any [state or federal] court ... for robbery or burglary or both." Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473,

§ 1802, 98 Stat. 1837, 2185. The Act also included the following definition: " 'Burglary' means any felony consisting of entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense." *Id.* at § 1803.

Congress amended the Armed Career Criminal Act twice in 1986. The first amendment came in the form of the Firearms Owner's Protection Act which recodified the sentence enhancement provision as section 924(e) and tied enhancement to violations of 18 U.S.C. § 922(g). Pub.L. No. 99–308, § 204, 100 Stat. 449, 456–59 (1986). The second was the Career Criminal Amendments Act which expanded the application of the sentence enhancement provision so that section 924(e) now reads as follows:

> (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any [state or federal] court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....
>
> (2) As used in this subsection—
>
> ....
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—
>
> ....
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Anti–Drug Abuse Act of 1986, Pub.L. 99–570, § 1402, 100 Stat. 3207–39 to –40 (codified at 18 U.S.C. § 924(e)). This amendment also deleted the definitions of "burglary" and "robbery" that were previously included in the statute. *Id.*

A recent United States Supreme Court decision, *Taylor v. United States,* —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), dealt with the definition of "burglary" as a predicate offense for the purposes of section 924(e) in the absence of a statutory definition. This decision provides direction for an analysis of the term "arson" which is similarly undefined.

After a careful review of the legislative history of section 924(e), the *Taylor* Court rejected several possible definitions of "burglary." First, it rejected the view of the court below that Congress intended to depend on the definition adopted by the state of conviction. The Court reasoned that such an interpretation would result in different sentences for persons similarly situated under federal law. *Id.* 110 S.Ct. at 2154. Second, the Court disposed of the common-law definition on the grounds that "the contemporary understanding of 'burglary' has diverged a long way from its common-law roots," and "would not comport with the purposes of the enhancement statute." *Id.* at 2155. Third, the Court rejected a definition that included as an essential element a risk of physical injury to a person, basing its conclusion on statutory construction as well as legislative history. *Id.* at 2157.

Instead, the Court held that "Congress meant, by 'burglary,' the generic sense in which the term is now used in the criminal codes of most States." *Id.* More specifically, the Court adopted a "generic, contemporary meaning of burglary" very similar to that found in the Model Penal Code. *Id.* at 2158 & n. 8 (citing American Law Institute, Model Penal Code and Commentaries § 221.1 (1980)).[1]

Defendant analogizes to *Taylor* and argues that Vermont's third degree arson statute does not fall within the "generic, contemporary meaning" of arson as it exists today. 13 V.S.A. § 504 (Supp.1990) defines third degree arson as follows:

---

1. The Court also noted that there is a bill pending in Congress that would add to § 924(e) a definition of burglary identical to the one deleted, apparently inadvertently, in 1986. *Taylor,* 110 S.Ct. at 2153 n. 5 (citing 135 Cong.Rec.

S12804 (Oct. 5, 1989)). This definition contains the same essential elements as both the Model Penal Code definition and the one adopted by the Supreme Court.

A person who wilfully and maliciously sets fire to or burns or causes to be burned, or who wilfully and maliciously aids, counsels or procures the burning of any personal property of whatsoever class or character, not less than $25.00 in value and the property of another person, shall be guilty of arson in the third degree, and shall be imprisoned not more than three years nor less than one year, or fined not more than $500.00, or both.

Defendant asserts that because there is no widely accepted or uniform definition of arson, *Taylor* requires that the Model Penal Code definition of arson be applied. The Model Penal Code categorizes intentional damage of less than $5,000 to personal property by fire as a misdemeanor punishable by a term of imprisonment of less than one year. Poulos, *The Metamorphosis of the Law of Arson*, 51 Mo.L.Rev. 295, 340 (1986). Section 924(e) requires that only offenses punishable by imprisonment for *more* than one year can serve as predicate offenses for enhancement purposes, and therefore only the intentional burning of personal property that results in more than $5,000 damage can serve as "arson" for enhancement purposes. Because the Vermont third degree arson statute, with its $25 minimum, includes conduct that would be considered a misdemeanor under the Model Penal Code, defendant claims that his conviction under this statute cannot be used to enhance his sentence on the possession of firearms conviction.

It appears that *Taylor* does provide the structure for analyzing what Congress intended when it included "arson" as a predicate offense for enhanced sentencing. The inequitable treatment of similarly situated convicted federal felons discussed in *Taylor* could result from reliance on the law of the state of conviction. Also, arson is now as different from its common-law origins as is burglary. *See Poulos, supra*, at 445–49.

Finally, there is nothing in the legislative history of the Career Criminal Amendments Act to suggest that arson should be treated differently from burglary on this question. *See* H.R.Rep. No. 849, 99th Cong., 2d Sess. (1986); *Hearing on H.R. 4639 and H.R. 4768 Before the Subcommittee on Crime of the Committee on the Judiciary,* 99th Cong., 2d Sess. (1986). Because "burglary" and "arson" are treated similarly both in the statute and in its legislative history, the Supreme Court's determination in *Taylor* that Congress intended a generic, contemporary meaning of burglary for enhancement purposes implies that such a meaning of arson was also intended.

Although the Model Penal Code definition of burglary includes those elements that define the burglary offense in a majority of states, the Code's definition of arson does not similarly represent arson as defined by even a substantial minority of states. In fact, *no* state has adopted the Model Penal Code's arson provisions. The Code does not categorize the intentional burning of personal property as arson, but instead places such conduct within the related "criminal mischief" provision. A term of imprisonment of more than one year is only imposed for such conduct if the resulting damage is greater than $5,000. *Poulos, supra,* at 340. By comparison, a majority of states (29) categorize the intentional burning of personal property at much lower minimum dollar values as arson, and all of these impose terms of imprisonment greater than one year.[2] An additional two states, Massachusetts and Hawaii, have removed all reference to "arson" in their statutes, but treat all "burnings" together in one comprehensive statutory scheme. The rest require for an arson conviction some combination of three elements: burning of a building or structure; burning with intent to defraud an insurance company; and burning with intent to

---

**2.** In fact, all fifty states imprison for more than one year anyone who intentionally burns personal property worth more than $2,000, regardless of what the crime is called. A solid majority (31 states) applies such felony status to anyone who intentionally burns property worth more than $250, a figure much closer to Ver-

cause physical injury to another person.[3] Thus, a majority of states categorize intentional burning of personal property as arson, and all states treat such conduct resulting in more than $2,000 in damage as a felony. It is clear that the Model Penal Code categorization of the burning of personal property valued at less than $5,000 as a misdemeanor does *not* represent the generic, contemporary meaning of arson as it exists in most states.

Although the twenty-nine-state majority referred to above is not overwhelming, there are additional factors that weigh in favor of accepting the view that the intentional burning of personal property worth more than a dollar value lower than $5,000 constitutes arson for sentence enhancement purposes. First, federal arson laws categorize such conduct as arson *regardless* of the amount of damage resulting, and authorize imprisonment for more than one year. *See* 18 U.S.C. §§ 81, 844.

Second, those states that require elements other than the burning of personal property for an arson conviction often include burning personal property in the same statutory scheme as arson such that the end result is a breakdown similar to those states that differentiate arson by degrees. As noted above, all of these states authorize imprisonment for more than one year for damage in amounts significantly less than $5,000.

Third, the Supreme Court in *Taylor* specifically rejected the view that Congress "meant to include only a special subclass of burglaries, either those that would have been burglaries at common law, or those that involve especially dangerous conduct." *Taylor*, 110 S.Ct. at 2158. Similarly, Congress did not intend to limit arson in such ways. It is therefore reasonable to conclude that Congress intended a definition of

arson that approximates the majority view rather than that of the minority which does impose such limitations.

This court holds that Vermont's third degree arson statute comports with the generic, contemporary meaning of arson intended by Congress. The statute prohibits the intentional burning of personal property of another. As demonstrated above, a majority of state arson statutes prohibit conduct of this type. With respect to Vermont's $25 threshold, *Taylor* is again instructive. The Supreme Court stated that "if the defendant was convicted of burglary in a State where the generic definition has been adopted, with minor variations in terminology, then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary." 110 S.Ct. at 2158. Thirty-one states impose a term of imprisonment greater than one year when the damage is $250 or less. It is true that Vermont, along with a minority of fifteen other states, imposes this sanction for damage near the low end of that range.[4] This court finds, however, that such variations are minor (especially considering the relatively narrow range in question here), and that any minimum damage amount established for the purpose of imposing a particular term of imprisonment is not an essential element of the crime of arson in its generic, contemporary form. Finally, section 924(e) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 110 S.Ct. at 2160. No review of Hathaway's actual conduct with respect to his third degree arson conviction is required to support the holding of this court that the arson conviction may be considered for enhancement purposes in sen-

---

mont's $25 minimum than to the Model Penal Code's $5,000 one.

**3.** These figures were arrived at upon examination of the arson and criminal mischief statutes of all fifty states. *See Poulos, supra,* nn. 148–88 (arson statute citations).

**4.** Vermont's third degree arson statute also encompasses conduct that can be extremely de-

structive and dangerous. An example, provided in the government's brief, is the intentional burning of the inventory of a lumber yard. In Vermont, such conduct may only be prosecuted as third degree arson regardless of the possibility of substantial damage and serious risk of harm to employees, fire-fighters, neighbors or passersby.

tencing on the possession of firearms conviction.

SO ORDERED.