UNITED STATES of America, Appellee,

v.

Richard R. HATHAWAY,
Defendant–Appellant.

No. 208, Docket 91–1273.

United States Court of Appeals,
Second Circuit.

Argued Oct. 11, 1991.

Decided Nov. 20, 1991.

John M. Conroy, Asst. U.S. Atty., Burlington, Vt. (George J. Terwilliger, III, U.S. Atty., Charles A. Caruso, First Asst. U.S. Atty., David V. Kirby, Chief, Crim. Div., of counsel), for appellee.

A. Jeffry Taylor, Rutland, Vt., for defendant-appellant.

Before MINER and MAHONEY, Circuit Judges, and McKENNA, District Judge.[1]

PER CURIAM:

Defendant-appellant Richard R. Hathaway appeals from a judgment of the United States District Court for the District of Vermont (Billings, *C.J.*) convicting him of possession of a firearm by a previously convicted felon, 18 U.S.C. § 922(g), and imposing enhanced penalties by reason of three previous felony convictions, 18 U.S.C. § 924. The Code sections cited are part of the Armed Career Criminal Act. The enhanced penalties included a term of imprisonment of 15 years, and were imposed because of appellant's previous convictions in Vermont on two counts of armed robbery and one count of third degree arson.

1. Hon. Lawrence M. McKenna, of the United States District Court for the Southern District of New York, sitting by designation.

Appellant contends that third degree arson, as defined by the Vermont statute, is neither a "violent felony" nor "arson" within the meaning of the federal enhancement statute, and that, accordingly, his previous arson conviction cannot be counted as one of three "violent felony" convictions necessary for enhanced sentencing. We believe that the analysis set forth by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) is dispositive of these claims, and find appellant's arguments to be without merit under that analysis.

Section 924(e)(1) provides that any person who violates Section 922(g) and who has three previous convictions for a "violent felony" is subject to enhanced penalties of the kind imposed on appellant. Section 924(e)(2)(B) defines "violent felony" to mean

> any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson ... or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

Hence, "arson" is deemed to be a "violent felony" by the plain language of the enhancement statute. The Supreme Court specifically has rejected appellant's contention that the intent of Congress was to include as a "violent felony" only those crimes that always pose serious risk of physical injury to other persons:

> Congress thought that certain general categories of property crimes—namely burglary, arson, extortion, and use of explosives—so often presented a risk of injury to persons, or were so often committed by career criminals, that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person.

*Taylor,* 110 S.Ct. at 2157.

The only issue that appellant can justifiably raise is whether an arson conviction under applicable state law falls within the term "arson" as used in Section 924(e). *Taylor,* which dealt with the question of whether a burglary conviction under applicable state law fell within the term "burglary" as used in the same section, directs courts to define crimes for purposes of the enhancement statute by reference to the generic definition of the crime. The "basic elements" of the crime should be examined. Therefore, as the district court correctly noted, if Vermont's definition of third degree arson substantially corresponds to a modern generic definition of arson, then appellant's conviction may be counted as "arson" for purposes of the federal sentencing statute. *See Taylor,* 110 S.Ct. at 2160.

Further, and contrary to appellant's suggestion, the proper inquiry in this case is solely a comparison of the elements of arson in Vermont to that crime's generic elements. This case involves an actual previous conviction for arson and not for a statutorily unspecified crime that "otherwise involves" the risk of serious injury. Accordingly, the particular facts of Hathaway's actual conduct, and the possibility that he could not be convicted of arson in other states based on those facts, are not relevant. *See Taylor,* 110 S.Ct. at 2159–60.

The essential element of third degree arson in Vermont is a wilful and malicious burning of personal property. *See* Vt.Stat. Ann. tit. 13, § 504. Appellant does not and could not argue that this is an unusual definition of arson. Instead, appellant maintains that the Vermont statute does not comport with the generic contemporary meaning of arson because it also prohibits secondary acts such as counseling, aiding or procuring the burning, and sets a low threshold of property damage ($25) as an element of the crime. *See id.* Even assuming the need to look beyond the single element of a malicious burning in defining generic arson—and we are not certain that such an inquiry is necessary—we do not agree with appellant's contentions.

While one could be convicted only as an accessory to arson on the basis of secondary acts at common law, the laws of many states today include counseling, aiding or

procuring the burning within the definition of actual arson. *See* 6A C.J.S. *Arson* § 22 (1975 & Supp.1990); N.Y.Penal Law § 20.00 (McKinney 1987); *see also Taylor*, 110 S.Ct. at 2155–56 (emphasizing need to look beyond "common law roots" of crime to modern definitions). Aiding and abetting also supports a substantive conviction for arson under Federal law. *See* 18 U.S.C. § 2; *see generally United States v. Candoli*, 870 F.2d 496 (9th Cir.1989).

Further, according to one comprehensive study cited by the district court, 31 states impose a term of imprisonment of greater than one year when property damage from arson is $250 or less, and 15 states impose such a penalty when property damage is in the neighborhood of the $25 value set by the Vermont statute, or less. *See United States v. Hathaway*, 757 F.Supp. 324, 326–27 & n. 2 (D.Vt.1991) (citing and discussing Poulos, *The Metamorphosis of the Law of Arson*, 51 Mo.L.Rev. 295 (1986)). No state has accepted the Model Penal Code's threshold of $5,000, *see* Model Penal Code § 220, and Federal arson laws contain no monetary threshold at all, *see* 18 U.S.C. §§ 81 and 844(f), (i). Therefore, while Vermont's monetary threshold may be toward the lower end of the absolute scale, it is not so low in comparison to that of a great many states as to remove the Vermont definition of arson from the generic range. *See Taylor*, 110 S.Ct. at 2158 (indicating that minor variations in a state's arson statute are of no consequence provided that the state's statute essentially corresponds in substance to the generic definition of the crime).

## CONCLUSION

The judgment of the district court is affirmed.