**UNITED STATES of America, Appellee,**

v.

**Donato TELESCO, a/k/a Danny Telesco, and Scott Linskey, Defendants–Appellants.**

**Nos. 880, 1277, Dockets 91–1566, 91–1567.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1992.

Decided April 20, 1992.

Richard E. MacLean, Nusbaum & Mac-Lean, Westport, Conn., for defendant-appellant Scott Linskey.

Robert M. Casale, Branford, Conn., for defendant-appellant Telesco.

Joseph W. Martini, Asst. U.S. Atty., Bridgeport, Conn. (Albert S. Dabrowski, U.S. Atty., D. Conn., New Haven, Conn., of counsel), for appellee.

Before: FEINBERG, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

Appellants Donato Telesco and Scott Linskey appeal from sentences imposed by Judge Daly following their guilty pleas to a charge of conspiracy to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. Telesco's appeal concerns the determination that he was a career offender. Linskey's appeal concerns the effect of a stipulation with the government as to the facts of his offense. We affirm.

Telesco challenges the court's consideration of a 1981 third-degree state burglary conviction as a "crime of violence" in sentencing him as a career offender pursuant to Section 4B1.1 of the United States Sentencing Guidelines. He claims that because the burglary did not entail actual violence, it cannot serve as a basis for determining that he is a career offender.

To be a career offender under the Guidelines: (1) a defendant must be at least eighteen at the time of the charged offense; (2) the charged offense must be a felony or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions of either a *crime of violence* or a narcotics offense. U.S.S.G. § 4B1.1. Section 4B1.2 of the Guidelines defines a "crime of violence" as:

> [A]ny offense under federal or state law punishable by imprisonment for a term exceeding one year that—
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, *or*
> (ii) is *burglary of a dwelling,* arson or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2 (emphasis added). In addition, Application note 2 to this section lists additional crimes that are "categorically classif[ied]" as "crimes of violence." *United States v. Hernandez,* 753 F.Supp. 1191 (S.D.N.Y.1990), *aff'd and remanded for resentencing,* 941 F.2d 133 (2d Cir. 1991). This list includes burglary of a dwelling.

Telesco argues that because his third-degree state burglary conviction was based on a forced entry into a dwelling but without actual violence to the occupants, it may not be counted as a "crime[ ] of violence" for the purposes of computing his base offense level. However, as noted, "burglary of a dwelling" is listed in Section 4B1.2 and the Application Note 2 as an enumerated "crime[ ] of violence." When prior convictions are for crimes designated as "crimes of violence" by the Sentencing Commission, the sentencing court is not permitted to examine the actual conduct underlying the convictions. The Sentencing Commission has thus determined that certain crimes—regardless of the precise conduct—are inherently violent. Thus, for purposes of determining career offender status under the Guidelines, there is no such thing as a non-violent kidnapping or non-violent burglary of a dwelling.

We follow other circuits that have adopted the categorical approach and disallow inquiry by the sentencing court into the facts of a prior offense when it is designated as a crime of violence by the

Guidelines. *See, e.g., United States v. Wilson,* 951 F.2d 586, 587–88 (4th Cir.1991) (where prior offense—robbery by pickpocketing—is among those specifically enumerated in Guidelines and in Application Note, court "need not—indeed, must not—look to the specific facts and circumstances" of the offense for purpose of career offender sentencing); *United States v. McAllister,* 927 F.2d 136, 139 (3d Cir.) ("It may well be that more detailed inquiry into the facts of a case will be required if the offense is not specifically listed as a 'crime of violence' in the application notes to the guidelines.... [But] [h]ere the robberies were *per se* crimes of violence and that ends our inquiry.") (citations omitted), *cert. denied,* —— U.S. ——, 112 S.Ct. 111, 116 L.Ed.2d 80 (1991)). *United States v. Jones,* 932 F.2d 624, 625 (7th Cir.1991) ("A defendnat properly convicted of bank robbery is guilty *per se* of a crime of violence."); *United States v. John,* 936 F.2d 764, 767 (3d Cir.1991) ("[I]t is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct [when offense is one enumerated as crime of violence under the Guidelines]").

The categorical approach also follows logically from our recent decision in *United States v. Hathaway,* 949 F.2d 609 (2d Cir. 1991) (per curiam), *cert. denied,* —— U.S. ——, 112 S.Ct. 1237, 117 L.Ed.2d 470 (1992), in which we took a categorical, rather than a factual, approach to the determination of whether a prior arson conviction was a "violent felony" under 18 U.S.C. § 924(e)(2)(B), the sentence enhancement provision of the Armed Career Criminal Act of 1984 (as amended 1986). *Hathaway* in turn merely followed the Supreme Court's reasoning in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), where the Court ruled that a prior conviction for burglary was considered *per se* a "violent felony" under Section 924(e)(2)(B) because the statute specifically so listed it as such. *See id.,* 110 S.Ct. at 2157; 18 U.S.C. § 924(e)(2)(B)(ii). Congress, the Court stated, intended the courts to "look only to the fact that the defendant had been convicted of crimes falling within certain categories and not to

the facts underlying the prior convictions." *Taylor,* 110 S.Ct. at 2159. This reasoning applies with equal force to the Guidelines' career offender provisions.

■ Turning to Linskey, his sole argument on appeal is that the district court erred in sentencing him under the Guidelines range for trafficking in more than five kilograms of cocaine. Linskey entered into an extensive factual stipulation with the government as to the facts of the crime. This stipulation included the following statement:

> Linskey and the government further stipulate and agree that Linskey's conduct, or the conduct of co-conspirators in furtherance of this conspiracy, involved the distribution of between 2 and 3.4 kilograms of cocaine.

However, the stipulation also indicated that two additional kilograms were under negotiation and paid for when Linskey was arrested. When the probation officer compiled the presentence investigation report ("PSI"), he added the two additional kilograms under negotiation when Linskey was arrested to the stipulated 2 to 3.4 kilograms, resulting in a total of over five kilograms. We hold that Judge Daly properly took the additional two kilograms into account.

■ It is true that Linskey appears to have gained nothing from the stipulation with the government. It is also true that the stipulation violated the Guidelines' policy statement on stipulations that "the relevant facts and circumstances of the actual offense be set out" in such a stipulation and "not contain misleading facts." U.S.S.G. § 6B1.4(a). The portion of the stipulation quoted above was inaccurate both as to the facts and as to the government's position regarding those facts. It was disclosed at oral argument that the stipulation was the result of negotiations in which the defense and the government disagreed as to whether the additional kilograms should be taken into account. The defense appears to have taken the position that Linskey could not have delivered the additional kilograms, and that they should not be taken into account. The government disagreed then and before us on oral argument, where the Assistant United

States Attorney defended Judge Daly's addition of the two kilograms.

This was an unresolved dispute between the defense and government that should have been expressly identified as such. The issue certainly should not have been confused by the quoted stipulation regarding the 2 to 3.4 kilograms. As the Commentary to Section 6B1.4 states, such a stipulation "must fully and accurately disclose all factors relevant to a determination of sentence" and must not "present the court with an appearance of agreement in areas where agreement does not exist.... The stipulation should identify all areas of agreement, disagreement and uncertainty that may be relevant...." U.S.S.G. § 6B1.4 (Commentary). The instant stipulation did not meet that test.

Prosecutors should be aware that, in entering into such stipulations, they may not compromise on factual issues when they have a good faith disagreement with the defense. Nor should they sign a stipulation unless they have a good faith belief that the evidence supports the facts stated in the stipulation. Otherwise, the disparities in the sentencing for similar crimes that the Guidelines were designed to reduce will be covertly reintroduced into the federal criminal justice system. Prosecutors should also note that the obligations in question are obligations to the court and, if violated, may be the cause for professional discipline.

The inaccurate statement here did not prejudice Linskey, however. The plea agreement specifically stated that the stipulation did "not purport to set forth all of the conduct and characteristics that may be considered by the Court for purposes of sentencing or that may be brought to the Court's attention by the government or the United States Probation Office." The plea agreement further stated that "this stipulation is not binding on the Court." The argument thus did not purport to guarantee a sentencing range based on 2 to 3.4 kilograms.

The explicit provisions of the Guidelines also alerted Linskey to the tenuous nature of his bargain. Section 6B1.4 of the Guidelines provides that "plea agreements may be accompanied by a written stipulation of facts relevant to sentencing." U.S.S.G. § 6B1.4(a). However, Section 6B1.4(d) states: "The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." Regarding the latter provision, the Commentary states: "Section 6B1.4(d) makes clear that the court is not obliged to accept the stipulation of the parties." ... [and that] in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information." § 6B1.4 (Commentary).

Before accepting the guilty plea in the instant matter, moreover, Judge Daly took great pains to inform Linskey and his counsel that he would not be bound by the facts contained in the stipulation. Linskey stated that he understood. Additionally, Judge Daly explained the application of the Sentencing Guidelines to Linskey's case, stating that the sentence, under the Guidelines, could range from 5 to 40 years imprisonment. The judge further stated that anything that Linskey's lawyer told him about the possible length of his sentence was merely an "educated guess." Finally, Judge Daly informed Linskey that the court would not allow him to withdraw his guilty plea solely because the sentence imposed was different than Linskey expected.

Judge Daly was thus free, indeed obligated, to consider the additional two kilograms under negotiation and paid for when Linskey was arrested. Under Section 1B1.3 of the Sentencing Guidelines, quantities of drugs not included in the offense of conviction *must* be considered in determining the base offense level if they are part of the same course of conduct as the count of conviction. *See* Section 1B1.3(a)(2); *see, e.g., United States v. Schaper*, 903 F.2d 891, 896–99 (2d Cir.1990). In the instant matter, Linskey pled guilty to conspiracy to distribute in excess of 500 grams of cocaine. However, having adopted the findings of the PSI, which Linskey does not challenge on appeal, Judge Daly was obliged to include the additional two kilograms in the calculation of the base offense level.

Linskey relies primarily on *United States v. Kemper*, 908 F.2d 33 (6th Cir. 1990), in arguing that Judge Daly should have given Linskey the opportunity to withdraw his plea when he decided to include the additional two kilograms not specifically listed in the stipulated facts of the plea agreement. *Kemper* is of no aid, however, because the plea agreement in that case was reached pursuant to Fed.R.Crim.P. 11(e)(1)(C) as it provided for a specific sentence in exchange for a guilty plea, which the sentencing judge then declined to follow. The Sixth Circuit held that in those circumstances it was improper for the district court to impose a greater sentence without allowing the defendant an opportunity to withdraw the plea. The instant case is entirely distinguishable because Linskey's plea agreement did not involve a Rule 11(e)(1)(C) plea. It included no recommended sentence at all.

*Affirmed.*