101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Plaintiff-Appellee,
v.
Louis T. HART, Defendant-Appellant.
 No. 95-1568.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
 
 1
 Christopher T.W. Ross, Buffalo, New York, for Appellant.
 
 
 2
 Christopher V. Taffe, Assistant United States Attorney, Rochester, New York, for Appellee.
 
 
 3
 Present: WINTER, LEVAL, Circuit Judges, THOMPSON, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Louis T. Hart, Jr. appeals from the sentence of 60 months imprisonment and a $1000 fine, imposed by Judge Telesca after Hart pleaded guilty pursuant to a plea agreement to possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The plea agreement included a stipulated sentence of 60 months imprisonment, pursuant to Fed.R.Crim.P. 11(e)(1)(C) and a promise by the government to move to dismiss the other count of the indictment and another one-count indictment.
 
 
 7
 On appeal Hart argues that the district court erred in following the stipulated sentence in the plea agreement and in failing to make findings of fact with regard to disputed information in the presentence investigation report. For the reasons discussed below, we reject both claims.
 
 
 8
 Hart argues first that the district court was bound to sentence him pursuant to the formula in the Sentencing Guidelines rather than pursuant to the plea agreement. He bases this argument on United States v. Telesco, 962 F.2d 165, 168 (2d Cir.1992) and United States v. Loeb, 45 F.3d 719, 722 (2d Cir.), cert. denied, 115 S.Ct. 2017 (1995), which held that a sentencing court must look to the actual facts of the case regardless of stipulations.
 
 
 9
 These cases have no bearing on the present case. In each, the defendant and the government stipulated to something other than a sentence, i.e. to facts, Telesco, 962 F.2d at 166, 168, or to the applicability of a guideline, Loeb, 45 F.3d at 723. Indeed, the court in Telesco explicitly made this distinction: it found inapplicable to a stipulation of fact in a plea agreement the requirement of United States v. Kemper, 908 F.2d 33, 37 (6th Cir.1990). Telesco, 962 F.2d at 169. Kemper held that a court is not free to reject a sentence stipulated to pursuant to Fed.R.Crim.P. 11(e)(1)(C). (In the case of a sentencing court deciding to impose a greater sentence--not the circumstances here--the defendant must be given a chance to withdraw the plea.)
 
 
 10
 If the district court accepts a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(C), the court must impose the agreed upon sentence and may not modify it. See United States v. Cunavelis, 969 F.2d 1419, 1422 (2d Cir.1992). Thus, the district court properly sentenced Hart in accordance with the plea agreement.
 
 
 11
 Hart's second argument--that the district court violated Fed.R.Crim.P. 32(c)(1) in not ruling on Hart's objections to the presentence investigation report--also lacks merit. Even assuming arguendo that the adoption of the sentence stipulated in the plea agreement does not render such a "finding ... [un]necessary because the controverted matter will not be taken into account in, or will not affect, sentencing," Fed.R.Crim.P. 32(c)(1), Judge Telesca made the required finding when he stated that "[t]he Court adopts the factual statements contained in the pre-sentence investigation report as its findings of fact...."
 
 
 12
 Nor can we conclude that this finding of fact was clearly erroneous. United States v. Stanley, 12 F.3d 17, 20 (2d Cir.1993) ("We review the district court's application of the Sentencing Guidelines de novo and the district court's findings of fact for clear error"), cert. denied, 114 S.Ct. 1572 (1994). Hart challenges Paragraph 31 of the presentence investigation report, which notes that "[a]t the time of his arrest for the instant offense, police officers found a loaded .380 caliber handgun underneath the passenger seat of the vehicle from which the cocaine transaction occurred." In recommending a two-level increase in offense level, the report cited Application Note 3 of § 2D1.1 of the guidelines, which provides that "[t]he adjustment [in offense level] should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." The example is then given of an unloaded hunting rifle in a closet in a residence at which the defendant is arrested. Id. The defendant does not deny that the weapon here was loaded, of a kind used in drug crimes, and in a hidden but accessible place in an automobile that was the scene of the crime.
 
 
 13
 Hart argued that "the weapon was not involved in the drug trafficking offense," but we note as an initial matter that he must show a clear improbability that it was involved. As noted supra, nothing in his Memorandum in Support of Motion to Correct Pre-Sentence Investigation Report is even inconsistent with the weapon being involved, much less pointing to a clear improbability that it was. Hart admits that he knew the gun was under the seat, but says that it belonged to a female friend who owned the car and kept the gun for protection. He further contends that he did not plan to use it in the offense, and that this is shown by the fact he was not carrying it during the sales. None of this suggests a clear improbability--or is even inconsistent with the proposition--that the gun was involved. Thus we do not even see any factual dispute between Hart and the presentence investigation report.
 
 
 14
 Hart made other minor objections to the presentence investigation report but they either depended on his contentions about the gun or were not supported by any evidence or further assertions before the defense rested.
 
 
 15
 We therefore affirm.
 
 
 
 *
 The Honorable Alvin W. Thompson, United States District Judge for the District of Connecticut, sitting by designation