**Anthony NEFF, Petitioner,**

v.

**UNITED STATES.**

**No. CV 95–4718 (ADS).**

United States District Court,
E.D. New York.

July 30, 1997.

Anthony Neff, Fairton, NJ, pro se.

Zachery W. Carter, U.S. Attorney by Michael Cornacchia, Asst. U.S. Atty., Garden City, NY, for U.S.

SPATT, District Judge.

The petitioner, Anthony R. Neff ("Neff" or the "petitioner"), moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On March 11, 1994, the petitioner pled guilty to knowingly and willfully making a false written statement in connection with the acquisition of a firearm from a licensed dealer in violation of 18 U.S.C. § 922(a)(6). On May 27, 1994, Neff was sentenced to 44 months in prison and 3 years of supervised release with the conditions that he undergo psychiatric and alcohol abuse treatment under the direction of the probation department. The sentence was enhanced as a result of Neff's 1989 attempted burglary conviction, based upon his entering the home of his estranged wife through an open window and hitting her boyfriend in the face with an aluminum baseball bat. The Court of Appeals for the Second Circuit, in an unpublished decision, affirmed the petitioner's sentence. *U.S. v. Neff*, 43 F.3d 1457 (2d Cir.1994).

On November 13, 1995, the petitioner filed his motion for relief from his sentence pursuant to 28 U.S.C. § 2255. In support of his motion he makes four claims: (1) that the Court should have only considered the language of the statutes related to Neff's prior felony conviction, instead of considering the

facts surrounding Neff's attempted burglary conviction; (2) that the Court should have applied the "crime of violence" enhancement rather than the "violent felony" enhancement pursuant to 18 U.S.C. § 924(e); (3) that attempted burglary in the second degree, as statutorily defined in New York State, does not constitute a crime of violence for purposes of enhancement under the firearm guidelines; and (4) that the special conditions of Neff's supervised release were beyond the limits described in 18 U.S.C. § 3583(d). For the reasons explained below, the motion is denied in all respects.

## I. BACKGROUND

On April 29, 1992, Anthony Neff was arrested on charges of driving while intoxicated by Nassau County Police who found in his possession a receipt from a licensed firearms dealership. The receipt indicated that on April 23, 1992, he had purchased a 12 gauge shotgun. Agents of the Bureau of Alcohol, Tobacco and Firearms ("ATF") interviewed the owner of the firearms dealership and discovered that Neff, who was then on parole for a 1989 attempted burglary conviction, had not revealed that he was a convicted felon when he executed ATF form 4473, a necessary document in order to obtain a firearm. On March 11, 1994, Neff pleaded guilty to count one of the indictment which charged that on April 23, 1992, he knowingly and willfully made a false written statement in connection with the acquisition of a firearm from a licensed dealer.

Under United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") § 2K2.1(a)(4), the base offense level for a defendant convicted of a firearms violation, who also had prior felony conviction for a "crime of violence," is 20. The Court determined that Neff's 1989 attempted burglary conviction, for entering the home of his estranged wife was sufficient to constitute a "crime of violence." Neff was then granted a three point reduction for acceptance of responsibility, giving him an offense level of 17. This offense level, combined with his criminal history category of IV, yielded a sentencing range of 37 to 46 months. On May 27, 1994, the petitioner was sentenced to 44 months in

prison, three years of supervised release, and a $50 special assessment.

## II. DISCUSSION

■ The petitioner's claims are procedurally barred. Section 2255 provides four avenues for relief where: (1) the sentence was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; and (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255; see United States v. Osiemi, 980 F.2d 344, 345 (5th Cir.1993) (recognizing a challenge to jurisdiction as a viable claim); Lopez–Torres v. United States, 876 F.2d 4, 5 (1st Cir.), cert. denied, 493 U.S. 979, 110 S.Ct. 508, 107 L.Ed.2d 510 (1989) (recognizing a constitutional claim for ineffective assistance of counsel); United States v. DiPasquale, 859 F.2d 9, 10, 13 (3d Cir.1988) (recognizing a claim that the sentence exceeded the statutory maximum). Although this language appears broad in scope, violations of federal law are generally cognizable only if they involve a "fundamental defect" causing a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974); Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Consistent with these principles, the Second Circuit has recognized that section 2255 may not be employed to relitigate routine sentencing questions which were raised and addressed on direct appeal. See Cabrera v. United States, 972 F.2d 23, 25 (2d Cir.1992) (collecting cases).

■ Applying these standards, the Court finds that Neff's second, third and fourth claims, namely, that the "crime of violence" enhancement was wrongly applied, pursuant to 18 U.S.C. § 924(e) and New York state law, and that the conditions of his supervised release violated 18 U.S.C. § 3583(d), are procedurally barred. These arguments raise nothing more than garden variety sentencing issues which were originally raised by Neff's "Brief and Appendix" filed "pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)" and rejected by

the Second Circuit. *See United States v. Neff*, 43 F.3d 1457 (2d Cir.1994) ("Summary affirmance upon filing of *Anders* brief").

The second claim raised by the petitioner, namely, that the court should have applied the "crime of violence" enhancement rather than the "violent felony" enhancement to his sentence, has previously been denied. Attempted burglary meets the definitions of both a "crime of violence" under "U.S.S.G." § 4B1.2 and a "violent felony" under 18 U.S.C. § 924(e). (*Anders* brief at 13 n. 9).

Furthermore, the petitioner's third argument, that an attempted burglary conviction does not constitute a crime of violence, was also denied. The Guidelines specifically define the attempted burglary of a "dwelling" as a crime of violence. *See* U.S.S.G. § 2K2.1, Applic. n. 5; 4B1.2, Applic. n. 1 (stating that the term "crime of violence" includes the "attempt to commit such offense"). Further, the Second Circuit has specifically held that attempted burglary is a violent felony under 18 U.S.C. § 924(e), because burglary inherently involves a risk of injury to a person who may be in or who may enter the targeted building during the commission of the crime. *United States v. Andrello*, 9 F.3d 247 (2d Cir.1993), *cert. denied*, 510 U.S. 1137, 114 S.Ct. 1117, 127 L.Ed.2d 426 (1994); *see Anders* brief at 13.

Finally, the petitioner's fourth claim, that the special conditions imposed upon the term of the supervised relief are greater then the specified sentence under 18 U.S.C. § 3583(d), has also been raised. The court ruled that the sentence was within the correctly calculated guideline range. (*Anders* brief at 16).

■ Similarly, the first argument raised by the petitioner, namely, that the court should have only considered the language of the statute related to his predicate felony conviction, instead of considering the facts surrounding his attempted burglary conviction, is also procedurally barred, albeit for a different reason. The "failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome [on a collateral attack] only by showing cause and prejudice." *Douglas*, 13 F.3d at 46, quoting, *Campino v.*

*United States*, 968 F.2d 187, 190 (2d Cir. 1992). In other words, the petitioner's failure to raise an issue on direct appeal will bar him from bringing that claim in a section 2255 motion unless the petitioner can demonstrate that there was "cause" for failing to raise the issue, and "actual prejudice" resulting therefrom. *See Douglas*, 13 F.3d at 46; *Campino*, 968 F.2d at 190; *cf. United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1593–95, 71 L.Ed.2d 816 (1982) (establishing cause and prejudice test for collateral relief based on trial errors to which no contemporaneous objection was made). In the instant case, the petitioner has failed to meet this burden.

■ At the time of his direct appeal, Neff was represented by counsel, and the legal basis for this challenge to his sentence was available. Further, Neff was advised by his attorney of his option to file a *pro se* motion, and he was informed of the procedural time limit within which to file such a motion. (Darrell B. Fields' Decl. at 2.) Even if Neff did not understand the filing of the *pro se* motion, as he now contends, Neff has not established "cause." An appellant's ignorance of the law does not satisfy the cause and prejudice requirements necessary to excuse appellant's failure to seek relief on direct appeal. *See United States v. Weiss*, 902 F.Supp. 326, 329 (N.D.N.Y.1995).

■ Moreover, even if it were properly before the Court, the petitioner's claim is without merit. Neff's sentence would have been enhanced, for a "violent felony" conviction, whether or not the Court considered the facts surrounding his attempted burglary conviction. In *United States v. Telesco*, 962 F.2d 165 (2d Cir.1992) the Second Circuit held that "[w]hen prior convictions are for crimes designated as 'crimes of violence' by the Sentencing Commission, the sentencing court is not permitted to examine the actual conduct underlying the convictions. The Sentencing Commission has thus determined that certain crimes—regardless of the precise conduct—are inherently violent." *Id.* at 166. As stated above, it has already been decided that attempted burglary is a "violent felony." *See Andrello*, 9 F.3d at 249. Thus,

for purposes of determining career offender status under the Guidelines, there is no such thing as a non-violent attempted burglary. *See Telesco,* 962 F.2d at 166 (holding there is no such thing as a non-violent burglary); *see also United States v. Hathaway,* 949 F.2d 609 (2d Cir.1991) (per curiam), *cert. denied,* 502 U.S. 1119, 112 S.Ct. 1237, 117 L.Ed.2d 470 (1992) (applying a categorical, rather than a factual approach to the determination of whether a prior conviction was a "violent felony"). Accordingly, Neff's sentence would have been enhanced for a "violent felony" conviction whether or not the Court considered the facts surrounding his attempted burglary conviction.

## III. *CONCLUSION*

After reviewing the parties' submissions, and for the reasons stated above, it is hereby

ORDERED, that the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied; and it is further

ORDERED, that the Clerk of the Court is directed to close this case.

SO ORDERED.