**UNITED STATES of America,**
**Appellee,**

v.

**Shateek ANDREWS, also known as Anthony Andrews, Defendant–Appellant.**

**No. 06–4240–cr.**

United States Court of Appeals, Second Circuit.

March 17, 2008.

---

Lauren M. Ouziel, Assistant United States Attorney (Joshua A. Goldberg, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Marlon G. Kirton, New York, NY, for Appellant.

Present: Hon. JOSEPH M. McLAUGHLIN and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. BRIAN M. COGAN, District Judge.[1]

### SUMMARY ORDER

Shateek Andrews appeals from a judgment of conviction entered on March 22, 2005 in the United States District Court for the Southern District of New York (Preska, *J.*) following a seven-day jury trial. The jury found Andrews guilty of robbing individuals in five separate commercial establishments in the Bronx, all in violation of 18 U.S.C. § 1951. On August 24, 2006, Judge Preska sentenced Andrews to a term of 300 months' incarceration to be followed by three years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Andrews argues: (1) that the evidence at trial was insufficient with respect to count one of the Indictment, which

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

charged him with robbing the Copos Blancos travel and international money transfer agency; (2) that he was improperly precluded from cross-examining government witnesses about their knowledge of prior dismissals of charges against Andrews; and (3) that his 300–month sentence was procedurally unreasonable.

■ We review *de novo* a challenge to the sufficiency of evidence and "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Geibel*, 369 F.3d 682, 689 (2d Cir.2004). On September 15, 2001, an individual matching Andrews's description entered Copos Blancos, threatened a store employee, and stole money from a cash box located inside a hidden safe. Following the robbery, the police found fingerprints matching Andrews's left index and middle fingers on the outside of the hidden safe, which was only accessible by store employees. Viewed in the light most favorable to the Government, this evidence sufficiently established Andrews's guilt on count one.

■ Andrews waived his claim that he was precluded from cross-examining government witnesses about their knowledge of prior dismissals of charges against Andrews. He conceded at trial that his proposed cross-examination would open the door to fair response by the government; he then chose not to pursue the cross-examination. Andrews's tactical decision not to pursue the questioning constitutes a true waiver, which negates even plain error review. *See United States v. Yu–Leung*, 51 F.3d 1116, 1122 (2d Cir.1995).

Andrews's challenge to the procedural reasonableness of his sentence lacks merit. Andrews has three prior convictions in New York State for robbery in the third-degree and, as a result, was properly classified as a Career Offender under the plain text of the Guidelines and the law of this circuit. *See* U.S.S.G. § 4B1.1(a)(3) ("A defendant is a career offender if … the defendant has at least two prior felony convictions of … a crime of violence…."); *United States v. Brown*, 52 F.3d 415, 425 (2d Cir.1995) (conviction for third-degree robbery under New York state law qualifies as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i), which uses the same definition of "crime of violence" as U.S.S.G. § 4B1.2). Andrews's argument that the district court should have looked to the "underlying facts" of his prior robbery convictions is foreclosed by this Court's decision in *United States v. Telesco*, 962 F.2d 165, 166 (2d Cir.1992) ("When prior convictions are for crimes designated as 'crimes of violence' by the Sentencing Commission, the sentencing court is not permitted to examine the actual conduct underlying the convictions.").

■ Furthermore, the district court's decision to depart upwardly was entirely proper. "If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history … an upward departure may be warranted." U.S.S.G. § 4A1.3(a)(1). Andrews's criminal history score did not reflect the seriousness of his prior conduct for several reasons, principally that he had over three times the criminal history points required to qualify for Criminal History Category VI (the highest category) and that many of Andrews's previous sentences did not adequately reflect the seriousness of the underlying conduct in those cases. Thus, the district court acted well within its discretion in departing upwardly.

8

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**