# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3474

_____

United States of America,    *
            *
     Appellee,    *
            *  Appeal from the United States
   v.        *  District Court for the
            *  Eastern District of Missouri.
Timothy Whaley,     *
            *
     Appellant.   *

_____

Submitted: May 13, 2008
Filed: January 28, 2009

_____

Before LOKEN, Chief Judge, BYE, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Timothy Whaley pled guilty to unlawful possession of a firearm and ammunition as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1), and tampering with a witness, in violation of 18 U.S.C. § 1512(a)(2)(A). Based on Whaley's criminal history, the district court[1] determined that Whaley was subject to the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Whaley appeals, arguing that his Missouri conviction

_____

[1]The Honorable Stephen N. Limbaugh, Sr., United States District Judge for the Eastern District of Missouri.

for "knowingly burning or exploding" is not a violent felony under the ACCA, and that his fifteen-year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

Under the ACCA, a defendant convicted of unlawful possession of a firearm or ammunition under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of fifteen years' imprisonment if the defendant has three previous convictions for a violent felony or serious drug offense, or both. 18 U.S.C. § 924(e). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Whaley does not dispute that he had sustained two qualifying convictions, for unlawful use of a weapon and attempted robbery. (PSR ¶¶ 56-64). The disputed issue is whether Whaley's conviction in Missouri for knowingly burning or exploding constitutes a third violent felony. We review the district court's determination on this point *de novo*. *United States v. Vincent*, 519 F.3d 732, 733 (8th Cir. 2008).

The district court concluded that knowingly burning or exploding falls within the residual clause of § 924(e) for offenses that "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another." The court reasoned that "although arson was not the specific state felony for which the defendant was charged," the offense of knowingly burning or exploding did "present a serious potential risk of physical injury to other people." (S. Tr. 33).

On appeal, Whaley argues that knowingly burning or exploding is simply a property crime that does not involve a serious risk of physical injury to others. The government, citing *United States v. Hathaway*, 949 F.2d 609, 610-11 (2d Cir. 1991), responds that the Missouri offense constitutes "arson" within the meaning of § 924(e), and, alternatively, that knowingly burning or exploding is encompassed by the

residual clause. We agree with the government's first contention and affirm the district court's ruling on that basis.

In *Taylor v. United States*, 495 U.S. 575 (1990), a case involving the meaning of "burglary" in § 924(e), the Supreme Court explained that whether an offense qualifies as an enumerated offense under the statute depends on whether the offense meets "some uniform definition independent of the labels employed by the various States' criminal codes." *Id*. at 592. The Court rejected the common-law definition of burglary as the uniform definition, because the "contemporary understanding" of burglary had diverged from the common-law meaning of the term. *Id.* at 593. Rather, the Court concluded that when Congress used "burglary" in § 924(e), it did so in "the generic sense in which the term is now used in the criminal codes of most States." *Id.* at 598. Based on its review of the criminal codes, the Court concluded that generic burglary contained at least certain specified elements, namely, "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598. The Court held that if the elements of an offense under state law "substantially correspond[]" to this generic definition, then the offense constitutes "burglary" under the ACCA. *Id.* at 602.

We follow a similar generic approach to determine the meaning of "arson" in § 924(e). One candidate for the applicable definition is the common-law meaning of arson, to wit: "the malicious burning of the dwelling house of another." 3 Wayne R. LaFave, *Substantive Criminal Law* § 21.3, at 239 (2d ed. 2003). As with burglary, however, a review of criminal codes shows that the contemporary meaning of arson has diverged from the common-law definition.

Our understanding of the modern criminal codes leads us to conclude that the contemporary meaning of arson is not limited to the burning of a dwelling house. When Congress added arson to the list of violent felonies in 1986, the felony arson statutes of at least thirty-one states prohibited not only the burning of a dwelling, but

also the burning of personal property. John Poulos, *The Metamorphosis of the Law of Arson*, 51 Mo. L. Rev. 295, 384 (1986). The federal arson statutes likewise applied to the burning of personal property. *See* 18 U.S.C. § 844(f)(1) ("Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any . . . personal or real property in whole or in part owned or possessed by, or leased to, the United States . . . shall be imprisoned for not less than 5 years . . . ."); *id.* § 844(i) ("Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any . . . real or personal property used in interstate or foreign commerce . . . shall be imprisoned for not less than 5 years . . . ."); *Id.* § 81 ("Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns any building, structure or vessel, any machinery or building materials or supplies, military or naval stores, munitions of war, or any structural aids or appliances for navigation or shipping, or attempts or conspires to do such an act, shall be imprisoned for not more than 25 years . . . .").[2] These statutes were part of the federal criminal code when Congress included arson as a predicate offense under § 924(e), and we think they provide a good indication of what Congress understood arson to mean. Therefore, we conclude that generic arson extends to the destruction of personal property as well as real property.[3] This conclusion is consistent with the decisions of

---

[2]The offenses defined by §§ 844(f)(1) and 844(i) are not labeled "arson," but the Code elsewhere refers to these offenses as arson, *see* 18 U.S.C. § 3295, as do other authorities. *See Jones v. United States*, 529 U.S. 848, 850-51 (2000); LaFave, *supra*, § 21.3(i).

[3]Some states set a monetary minimum on property damage, ranging from $25 to $1,000, before an offense qualifies as felony arson. Poulos, *supra*, at 371-72. The federal arson statutes include no monetary minimums. While damage limitations may render some acts of malicious burning non-criminal or non-felonious in certain jurisdictions, we agree with the Ninth Circuit that the limits applied by some States "do not disrupt the 'interstate consensus' that the burning of personal property constitutes arson." *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1331 (9th Cir. 2005).

other circuits that have considered the issue. *United States v. Miller*, 246 Fed. App'x 369, 371-72 (6th Cir. 2007) (unpublished); *Hathaway*, 949 F.2d at 610; *see also Velasquez-Reyes*, 427 F.3d at 1230-31 (applying the sentencing guidelines).

The *mens rea* for arson at common law was maliciousness, and the contemporary criminal codes have retained that element. The federal arson statutes apply to one who acts "maliciously," which means to act "with willful disregard of the likelihood that damage or injury would result." *United States v. Gullett*, 75 F.3d 941, 947 (4th Cir. 1996). Almost all of the state criminal codes use one or a combination of the following mental states: "intentionally," "willfully," "maliciously," "wantonly," and "knowingly." *See* Poulos, *supra*, at 403-17; Lafave, *supra*, § 21.3(e). We perceive little difference among these terms in the context of an offense that forbids destroying property by fire.

Based on the foregoing, we conclude that the generic offense of arson, for purposes of the sentence enhancement in § 924(e), has as elements the malicious burning of real or personal property of another. Consistent with *Taylor*, we hold that an offense constitutes "arson" under § 924(e) if either its statutory definition "substantially corresponds" to generic arson, or "the charging paper and jury instructions actually required the jury to find all the elements of generic [arson] in order to convict the defendant." *Id*. at 602. A conviction for such an offense thus qualifies as a violent felony if it is punishable by a term of imprisonment exceeding one year.

Under Missouri law, "a person commits the crime of knowingly burning or exploding when he knowingly damages property of another by starting a fire or causing an explosion." Mo. Rev. Stat. § 569.055. A person acts "knowingly" if he "is aware that his conduct is practically certain to cause that result." *Id.* § 562.016. This *mens rea* is comparable to maliciousness, which requires "willful disregard of the likelihood that damage or injury would result." *Gullett*, 75 F.3d at 947. The elements of the Missouri offense of knowingly burning or exploding therefore

substantially correspond to those of generic arson. The Missouri offense is a class D felony, which is punishable by a term of imprisonment "not to exceed four years." Mo. Rev. Stat. § 558.011. As such, a conviction for knowingly burning or exploding in Missouri constitutes a violent felony for purposes of the sentence enhancement under § 924(e).

For these reasons, the district court correctly determined that Whaley had sustained three prior convictions for violent felonies, and that he should be classified as an armed career criminal. According to the statute, the district court properly sentenced Whaley to the mandatory minimum term of fifteen years' imprisonment.

Whaley also argues that the sentence of fifteen years' imprisonment is cruel and unusual punishment in violation of the Eighth Amendment. He argues that the punishment is unconstitutionally disproportionate to his instant offense of unlawfully possessing a firearm and ammunition. This argument is foreclosed by decisions of this court rejecting the same contention. *United States v. Yirkovsky*, 259 F.3d 704, 707 (8th Cir. 2001); *United States v. Villar*, 184 F.3d 801, 803 (8th Cir. 1999); *United States v. Rudolph*, 970 F.2d 467, 470 (8th Cir. 1992).

The judgment of the district court is affirmed.
_____