# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3664

_____

United States of America,              *

                     *

        Appellee,      *

                     *   Appeal from the United States

     v.               *   District Court for the

                     *   Western District of Missouri.

Tracy Allan Lennex,       *

                     *   [UNPUBLISHED]

        Appellant.     *

_____

Submitted: April 7, 2009
Filed: April 10, 2009

_____

Before LOKEN, Chief Judge, BYE and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Tracy Allan Lennex pleaded guilty to being a felon in possession of a firearm. In calculating his Guidelines sentencing range, the district court[1] determined that Lennex had two prior felony convictions that qualified as crimes of violence under U.S.S.G. § 4B1.2(a), including one Missouri conviction for "knowingly burning or exploding," see Mo. Rev. Stat. § 569.055 (person commits crime of knowingly burning or exploding when he knowingly damages property of another by starting fire or causing explosion). The court sentenced him to 90 months in prison. Lennex

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

appeals, arguing that his prior conviction for knowingly burning or exploding does not constitute a crime of violence and that his sentence is unreasonable.

We conclude that the district court properly characterized Lennex's prior conviction for knowingly burning or exploding as a crime of violence. See United States v. Whaley, 552 F.3d 904, 907 (8th Cir. 2009) (holding that Missouri conviction for knowingly burning or exploding constitutes violent felony for purposes of 18 U.S.C. § 924(e), as elements substantially correspond to those of generic arson, and offense is punishable by term of imprisonment exceeding one year); United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008) (this court has never recognized distinction between "violent felony" and "crime of violence"); see also United States v. Hollis, 447 F.3d 1053, 1054 (8th Cir. 2006) (per curiam) (court reviews de novo whether prior conviction is crime of violence under § 4B1.2(a)). We further conclude that Lennex's within-Guidelines-range sentence was not unreasonable. See United States v. Akers, 476 F.3d 602, 605 (8th Cir. 2007) (reviewing reasonableness of sentence under abuse-of-discretion standard); United States v. Watson, 480 F.3d 1175, 1177 (8th Cir.) (describing circumstances where sentencing court abuses its discretion and imposes unreasonable sentence; within-Guidelines-range sentence is presumptively reasonable), cert. denied, 128 S. Ct. 305 (2007).

Accordingly, we affirm.

_____