# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2456

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Willie Brian Bates, III, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 18, 2011
Filed: June 8, 2011

_____

Before RILEY, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Willie Brian Bates, III, pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The parties agreed Bates was accountable for more than five kilograms, but less than fifteen kilograms, of cocaine. On June 17, 2010, the district court[1] calculated an advisory United States Sentencing Guidelines (U.S.S.G.) range of 262 to 327 months imprisonment and 5

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

years supervised release (level 34, category VI). As part of this calculation, the district court determined Bates was a "career offender" under U.S.S.G. § 4B1.1(a) because he had two prior felony convictions that qualified as "crimes of violence" under U.S.S.G. § 4B1.2(a). One of the two prior convictions was for "knowingly burning or exploding" the property of another in violation of Mo. Rev. Stat. § 569.055. The district court sentenced Bates to 262 months imprisonment and 5 years supervised release. Bates appeals his sentence, arguing his Missouri § 569.055 conviction does not qualify as a crime of violence.

The district court correctly concluded that, under this court's precedent, Bates's Missouri § 569.055 conviction is a crime of violence for purposes of § 4B1.2(a). See United States v. Whaley, 552 F.3d 904, 907 (8th Cir. 2009) ("[A] conviction for knowingly burning or exploding in Missouri constitutes a violent felony for purposes of the sentence enhancement under [the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e),]" because "[t]he elements of the Missouri offense of knowingly burning or exploding . . . substantially correspond to those of generic arson."); United States v. Furqueron, 605 F.3d 612, 613 (8th Cir. 2010) ("We recognize the term 'violent felony' under the ACCA as synonymous with the term 'crime of violence' under [U.S.S.G.] § 4B1.2."); see also United States v. Lennex, No. 07-3664, 320 F. App'x. 481, 482, 2009 WL 961521, at *1 (8th Cir. Apr. 10, 2009) (unpublished per curiam) (holding Mo. Rev. Stat. § 569.055 qualifies as a crime of violence for purposes of U.S.S.G. § 4B1.2(a)). We therefore affirm the judgment of the district court.

_____