In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1390

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANCIS G. GRADY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:12-cr-00077 — **William C. Griesbach**, *Chief Judge.*

ARGUED DECEMBER 6, 2013 — DECIDED MARCH 27, 2014

Before KANNE and ROVNER, *Circuit Judges*, and DURKIN,
*District Judge.**

KANNE, *Circuit Judge.* Francis Grady was convicted of arson
and intentionally damaging the property of a facility providing
reproductive health services. Grady now appeals, arguing that
the district court erred in defining the term "maliciously" in
the jury instructions. For the following reasons, we affirm.

---

* Of the Northern District of Illinois, sitting by designation.

I. BACKGROUND

On April 1, 2012, Grady drove to Daniel Wolf's house and told Wolf that he wanted to blow up the Planned Parenthood clinic in Grand Chute, Wisconsin. After Wolf refused to provide him gasoline, Grady drove to a nearby gas station and made two separate gasoline purchases, depositing some in his van and a smaller amount in a plastic bottle. He then drove to the Planned Parenthood clinic, parked his van, and approached the facility with a hammer and the plastic container of gasoline. Grady broke a window with the hammer, poured the gasoline into the building, and set it on fire.

The next morning, after seeing news reports of the fire, Wolf called police and informed them that Grady may have been responsible. The police arrested Grady and then questioned him in a videotaped interview. During the interview, Grady admitted that he "lit the clinic up" and that his "intention was to light the building." He also stated that he told friends shortly after lighting the fire, he "thought as far as I know I thought it f*****' burned right down."

Grady was charged with arson and intentionally damaging the property of a facility providing reproductive health services. At trial, Grady continued to express his discomfort at what was happening at Planned Parenthood and reiterated that it was his desire to burn down the clinic. He also claimed, prior to lighting the fire, to have "said a prayer for all them children that passed away in there from abortion." Nonetheless, he admitted that his intent was to damage the building. A Planned Parenthood facilities coordinator testified that the fire caused considerable damage to the building, which required

extensive repairs and forced Planned Parenthood to cancel all clinic services the following day.

The parties disputed how to define the term "maliciously" under 18 U.S.C. § 844(i) for the arson charge in the proposed jury instructions. Neither the Seventh Circuit Pattern Jury Instructions nor this court has defined the term. Grady wanted to utilize the definition found in the Eighth Circuit Pattern Jury Instructions whereas the government proposed use of the definition from the Eleventh and Fourth Circuit Pattern Jury Instructions.

The district court elected to use the government's definition, explaining that Grady's proposed instruction would shift the burden to the government to prove that the defendant acted without justification.

The jury found Grady guilty of both arson and intentionally damaging the property of a facility providing reproductive health services. Grady now appeals, asserting that the district court erred in instructing the jury regarding the definition of the term "maliciously" as it appears in the arson statute, 18 U.S.C. § 844(i).

## II. ANALYSIS

We review jury instructions as a whole to determine whether they fairly and accurately summarize the law. *United States v. Swan*, 250 F.3d 495, 499 (7th Cir. 2000). In making this determination, our review of the instructions is *de novo*. *United States v. Quintero*, 618 F.3d 746, 753 (7th Cir. 2010). We afford considerable discretion to the district court "with respect to the precise wording of instructions so long as the final result, read

as a whole, completely and correctly states the law." *United States v. Lee*, 439 F.3d 381, 387 (7th Cir. 2006). We will reverse "only if the instructions, when viewed in their entirety, so misguided the jury that they led to appellant's prejudice." *Quintero*, 618 F.3d at 753.

The sole issue on appeal is whether the district court fairly and accurately summarized the law with respect to the meaning of the word "maliciously" in the jury instructions. The arson statute under which Grady was charged punishes anyone who "*maliciously* damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce." 18 U.S.C. § 844(i) (emphasis added). The statute does not define the term "maliciously." Grady proposed that the term be defined as "intentionally caus[ing] damage without just cause or reason." This definition was taken from the 2011 Model Criminal Jury Instructions of the Eighth Circuit. The district court adopted the government's proposed instruction, however, which defined the term as "[acting] intentionally or with deliberate disregard of the likelihood that damage or injury will result." Grady objected to the definition and argued that his proposed instruction offered a more common sense definition of the term.

Though our circuit does not define "maliciously" in our jury instructions, the definition used by the district court is not without a legal basis. As we recently noted, this definition of the term is "indeed a common definition of the word (or cognates of it, such as 'malice'), and makes perfectly good sense when the damage involves a harm to a third person." *United States v. McBride*, 724 F.3d 754, 759 (7th Cir. 2013)

(citations omitted). Moreover, Grady's proposed instruction is taken from the Eighth Circuit's 2011 model instructions, which has since adopted the definition that was used by the district court. *See* Eighth Circuit Manual of Model Jury Instructions (Criminal) § 6.18.844 (2013); *see also United States v. Whaley*, 552 F.3d 904, 907 (8th Cir. 2009). The definition is also found in both the Fourth and Eleventh Circuit Pattern Jury Instructions and is how the common law traditionally defined the term. *See United States v. Gullet*, 75 F.3d 941, 947 (4th Cir. 1996). Finally, numerous other circuits have employed this same definition in construing "maliciously" in the arson statute. *See, e.g., United States v. Monroe*, 178 F.3d 304, 307–08 (5th Cir. 1999); *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998); *Gullet*, 75 F.3d at 947–48; *United States v. McFadden*, 814 F.2d 144, 145–46 (3d Cir. 1987).

The instruction told the jury that Grady acted "maliciously" if he acted intentionally or with deliberate disregard of the likelihood that damage or injury would result in setting the fire at the Planned Parenthood facility. This allowed the jury to properly weigh the intent of Grady in starting the fire. We find no error by the district court in applying this definition.

Grady contends that the district court erred in rejecting his proposed instruction and in particular the phrase "without just cause or reason." His argument relies on our recent opinion *United States v. McBride*, which held that for "the federal arson statute to make sense, 'maliciously' has to mean deliberately (or in willful disregard of known or suspected consequences) using fire *to do a harmful act*." 724 F.3d at 759. Yet nothing in *McBride*—which concerned the sufficiency of evidence to establish malicious intent rather than jury instructions—creates

the need for a specific jury instruction now. And as the court in *McBride* recognized, the definition used by the district court is perfectly rational when the harm done is to a third party. *Id*. Grady clearly caused harm to a third party, Planned Parenthood, when he set the fire in their building that resulted in extensive damage and forced the facility to cancel all services for a whole day.

Regardless, the district court's decision to omit the "without just cause or reason" language from the instruction is well-supported by the record. A "jury instruction should be given only when it addresses an issue reasonably raised by the evidence." *United States v. Tanner*, 628 F.3d 890, 904 (7th Cir. 2010). Grady has failed to point to any cognizable legal justification for starting the fire at the Planned Parenthood facility. Nothing in the record suggests otherwise. At trial, Grady asserted that his proposed definition of the term was a "more common sense definition" and did not contend that any legal justification existed for his behavior. There was simply no legal basis to include the phrase and the district court acted well within its discretion in omitting it. Accordingly, we find no error with the instruction.

### III. CONCLUSION

Because we find no error with the instruction as given, we AFFIRM Grady's conviction.