# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2007

_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Gregory Scharber

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 13, 2014
Filed: December 4, 2014

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Ryan Scharber pled guilty to setting federal forest land afire in violation of 18 U.S.C. § 1855, and maliciously attempting to commit arson of a building affecting interstate commerce, in violation of 18 U.S.C. § 844(i). At sentencing Scharber claimed that a five year mandatory minimum sentence under § 844(i) did not apply because the government had failed to prove that he had acted with malice in

attempting to commit arson. The district court[1] disagreed and sentenced him to the five year mandatory minimum term. Scharber now appeals his sentence. We affirm.

In August 2011 federal and state law enforcement agencies commenced a joint investigation of a series of suspicious fires in Babbitt, Minnesota and the Superior National Forest. The fires involved structures and natural forested areas owned or operated by the United States Forest Service (USFS), the Minnesota Department of Natural Resources (MDNR), and private landowners. Some of the fires were started with complex combustible flares, while others were started with simple pocket lighters. The investigation eventually identified Scharber, who was the Chief of the Babbitt Volunteer Fire Department (BVFD) at the time, as the arsonist.

On December 3, 2011 the owner of the Birch Lake Resort in Babbitt found Scharber trespassing on resort property. Scharber had parked his vehicle next to a storage garage at the resort and walked around to the backside of the garage. The resort owner approached Scharber, who identified himself as the Chief of the BVFD and said that he had driven onto the resort property in order to urinate. After Scharber left the storage area, the resort owner found a gasoline tank leaning against the backside of the garage. He then notified law enforcement of his discovery.

Officials interviewed Scharber at BVFD headquarters. By the conclusion of the interview, Scharber had admitted setting nine fires on federal and state forest land, and an attempted arson at the Birch Lake Resort. A three count information was filed in the District of Minnesota on October 11, 2013, charging Scharber with setting federal forest land afire in violation of 18 U.S.C. § 1855; committing arson on federal forest land in violation of 18 U.S.C. § 844(f)(1); and maliciously attempting to commit arson of a building affecting interstate commerce in violation of 18 U.S.C.

---

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

§ 844(i). The third count under § 844(i) stated that Scharber "maliciously attempt[ed] to damage and destroy, by means of a fire, a building located on Mattila's Birch Lake Resort in Babbitt, Minnesota, used in and affecting interstate and foreign commerce."

On November 22, 2013 Scharber signed a plea agreement admitting to one count of setting federal forest land afire in violation of § 1855 and one count of maliciously attempting to commit arson of a building affecting interstate and foreign commerce in violation of § 844(i). The plea agreement stated that Scharber had violated § 844(i) by "maliciously attempt[ing] to damage and destroy, by means of a fire, a building located on Mattila's Birch Lake Resort in Babbit, Minnesota, used in and affecting interstate and foreign commerce." It also stated that a violation of § 844(i) carried a "mandatory minimum term of imprisonment of five years."

At the plea hearing the district court expressed its intent to accept the plea agreement and reviewed the factual basis for it. The prosecutor asked Scharber if he had placed a gas tank behind a storage garage at the Birch Lake Resort, and he responded, "I did." The prosecutor also asked Scharber if he was "going to set fire to that [garage]," and he replied, "yes." Following this colloquy, Scharber affirmed that he understood the terms of the plea agreement and that a violation of § 844(i) carried a five year mandatory minimum sentence. He then pled guilty to violating § 1855 and § 844(i). The district court accepted the plea, finding that it was "knowing and voluntary and supported by a sufficient factual basis."

During sentencing Scharber claimed that he was not subject to the five year mandatory minimum under § 844(i) because the government had failed to prove that he had acted with malice in attempting to commit arson at the Birch Lake Resort. The district court disagreed, concluding that the five year mandatory minimum applied to the facts and circumstances of the case. The information had charged Scharber with acting "maliciously" under § 844(i), and Scharber had admitted in his plea agreement that he had "maliciously attempt[ed] to damage and destroy, by means of a fire, a

-3-

building located on Mattila's Birch Lake Resort . . . used in and affecting interstate and foreign commerce."  The district court then sentenced Scharber to five years imprisonment followed by a one year term of supervised release.  It also ordered Scharber to pay $27,819.54 in restitution to the City of Babbitt, USFS, and MDNR.

Scharber appeals, arguing that the district court erred in applying the five year mandatory minimum sentence in § 844(i) because the government had failed to establish that he had acted with malice in attempting to commit arson at the Birch Lake Resort.  Scharber also contends that the 18 U.S.C. § 3553(a) sentencing factors supported a downward departure from the mandatory minimum sentence.

Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  A guilty plea is supported by an adequate factual basis when the record contains "sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003).  Facts obtained from "the prosecutor's summarization of the plea agreement and the language of the plea agreement itself, a colloquy between the defendant and the district court, and the stipulated facts before the district court, are sufficient to find a factual basis for a guilty plea." United States v. Bowie, 618 F.3d 802, 810 (8th Cir. 2010).  We have also considered "facts set forth in the presentence report to determine whether there was a sufficient factual basis for the plea." United States v. Christenson, 653 F.3d 697, 700 (8th Cir. 2011).

Here, Scharber pled guilty to maliciously attempting to commit arson at the Birch Lake Resort in violation of § 844(i).  Section 844(i) states "[w]hoever maliciously damages or destroys, or attempts to damage or destroy, by means of a fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce . . . shall be imprisoned for not less than 5 years."  18 U.S.C. § 844(i).  "Maliciously" means to act "with willful disregard of the likelihood

-4-

that damage or injury would result." United States v. Whaley, 552 F.3d 904, 907 (8th Cir. 2009); accord Eighth Circuit Manual of Model Jury Instructions (Criminal) § 6.18.844 (2014). We perceive "little difference" between the term "maliciously" as used in the statute and the "following mental states: intentionally, willfully, [ ] wantonly, and knowingly." Whaley, 552 F.3d at 907 (internal quotations omitted).

The record and presentence report support a finding that Scharber violated § 844(i) by maliciously attempting to commit arson at the Birch Lake Resort. At the plea hearing Scharber admitted that he had placed a gas tank behind a storage garage at the Birch Lake Resort because "he was going to set fire to that [garage]." The presentence report similarly provided that Scharber "intended to start a fire with a gasoline can and propane lighter at the Birch Lake Resort on December 3, 2011, prior to being confronted by the owner." Finally, the stipulated facts in the plea agreement tracked the language of § 844(i) in stating that Scharber "maliciously attempt[ed] to damage and destroy, by means of a fire, a building located on [ ] Birch Lake Resort." This evidence reasonably establishes that Scharber maliciously attempted to commit arson in violation of § 844(i). See United States v. Grady, 746 F.3d 846, 849 (7th Cir. 2014). We thus conclude that the district court properly determined that Scharber was guilty of violating § 844(i) and subject to the five year mandatory minimum.

Scharber also contends that his sentence violates Alleyne v. United States, 133 S. Ct. 2151, 186 L. Ed 2d 314 (2013). In Alleyne, the Supreme Court stated that any fact that triggers a statutory minimum sentence must be found by a jury. Id. at 2155. Alleyne left undisturbed the longstanding principle that a district court may sentence a defendant upon admitted facts without violating the Sixth Amendment. See United States v. Hicks, 411 F.3d 996, 977 n.2 (8th Cir. 2005). Because Scharber was sentenced upon admitted facts, his sentence does not violate Alleyne.

Scharber finally argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) supported a downward departure from the five year mandatory minimum.

-5-

The "only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. §§ 3553(e) and (f), which apply . . . when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision." United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003). Here, Scharber does not challenge the government's refusal to move for a sentence below the statutory minimum under § 3553(e). See United States v. Sutton, 625 F.3d 526, 528 (8th Cir. 2010). Nor does Scharber argue that he qualifies for a safety valve reduction under § 3553(f). See id. at 528–29. The district court thus lacked authority to sentence Scharber below the mandatory minimum.

For the foregoing reasons, we affirm the judgment of the district court.

_____