HOWARD, Circuit Judge,
dissenting.
When a federal statute incorporates a term that has accumulated a settled common law meaning, we “must infer, unless the statute otherwise dictates, that Congress means to incorporate” that term’s “established meaning.” Neder v. United States, 527 U.S. 1, 21, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (citation omitted). That command is complicated in this case because, like words, “[mjalice is a rather slippery concept.” Carson v. United States, 556 A.2d 1076, 1079 (D.C.1989). Courts have not always been consistent in describing malice’s common law definition. But the discord that may have been bred by a few decisions ought not distract us from adhering to an established maxim of statutory interpretation. In this case, the district court’s instructions comported with the settled common law definition of malice. I respectfully dissent because I think that the majority endorses a truncated definition of malice that leads it to unnecessarily look beyond the common law meaning and find error.
The majority accepts a definition of malice provided by the Fourth and Eighth Circuits as the settled common law meaning. Under that definition, the majority contends, to act maliciously means, simply, to act “intentionally.” Maj. Op. at 466. Yet, as substantial authority demonstrates, that definition is, at best, incomplete. “Malice is not satisfied simply by [acting] with an intentional or reckless mental state.” United States v. Serawop, 410 F.3d 656, 664 (10th Cir.2005). Instead, the settled common law definition of malice “specifically requires committing the wrongful act without justification, excuse, or mitigation.” Id. (emphasis added); accord Black’s Law Dictionary 1100 (10th ed.2014) (defining malice as the “intent, without justification or excuse, to commit a wrongful act”). We have previously acknowledged this precise definition, including its requirement of more than a mere intentional action. See Hernandez-Cuevas *471 v. Taylor, 723 F.3d 91, 102 n. 11 (1st Cir.2013).
Other circuits have also endorsed this unabridged common law definition when construing Congress’s use of the term malice in federal statutes. In Serawop, for example, the Tenth Circuit adopted this meaning for purposes.of the federal manslaughter statute, 18 U.S.C. § 1112. See 410 F.3d at 664. The Ninth Circuit, too, has applied this common law definition to certain federal statutes. See United States v. Kelly, 676 F.3d 912, 918 (9th Cir.2012) (construing statute criminalizing willful and malicious destruction of maritime property, codified at 18 U.S.C. § 1363); United States v. Doe, 136 F.3d 631, 634-35 (9th Cir.1998) (construing arson statute, codified at 18 U.S.C. § 81).
This definition’s common law pedigree is further confirmed by its repeated- invocation in the decisions of several state courts and the District of Columbia, as well as in various treatises. See, e.g., McGee v. State, 162 P.3d 1251, 1258 & n. 32 (Alaska 2007) (defining malice as the “the intentional commission of ‘an unlawful act without justification or other legal excuse’”); Carson, 556 A.2d at 1079 (adopting definition that includes “the absence of all elements of justification, excuse or recognized mitigation” when construing a cruelty to children statute); Dean v. State, 668 P.2d 639, 643 (Wyo.1983) (defining malice as “that state of mind which actuates conduct injurious to Others without lawful reason, cause or excuse”); Commonwealth v. York, 50 Mass. (9 Met.) 93, 105 (1845) (defining malice “in its legal sense” as meaning “a wrongful act, done intentionally, without just cause or excuse”); Am.Jur.2d Criminal Law § 129 (2008) (“Malice, in its legal sense, denotes that condition of mind manifested by intentionally doing a wrongful act without just cause or excuse.”); Rollin M. Perkins & Ronald N. Boyce, Criminal Law 857 (3d ed. 1982) (“[I]n the absence of justification, excuse or recognized mitigation, it is malicious to intend to do what constitutes the actus reus of the crime in question.”).
As pertinent here, the federal statute that Gray was charged with violating proscribes making a false bomb threat “willfully and maliciously” while “knowing the information to be false.” 49 U.S.C. § 46507(1) (emphasis added). By including “maliciously,” Congress indicated that the government must prove, beyond a reasonable doubt, that a defendant acted without a cognizable justification, excuse, or mitigating motivation. Serawop, 410 F.3d at 664 & n. 5. Indeed, the Supreme Court has distinguished mens rea elements like “knowingly” and “willfully”— where the government need not disprove the existence of excuses or justifications- — • from “malice” where “the nature of the mens rea would require the Government to disprove the existence” of those justifications “beyond a reasonable doubt.” Dixon v. United States, 548 U.S. 1, 6 & n. 4, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006). We, too, have recognized that where malice is included as an element of an offense, the government must prove the absence of any justification “beyond a reasonable doubt.”[14] Gagne v. Meachum, 602 F.2d 471, 472-73 (1st Cir.1979).
*472 Properly viewed, then, the common law definition of malice is not the truncated one supplied by the cases the majority relies on.[15] To be sure, to act maliciously a defendant must act “intentionally or with willful disregard.” Maj. Op. at 464. But an instruction requiring the government to prove that the defendant acted merely intentionally, without more, is incomplete. See Wade v. State, 258 Ga. 324, 368 S.E.2d 482, 488 (1988) (finding error where malice instruction excluded element that the defendant acted “without justification or serious provocation” because the instruction “by its incompleteness, removed from the prosecution the burden of proving every element of the crime ... beyond a reasonable doubt” (citation omitted)).
Thus, the Fourth Circuit’s discovery of a redundancy in an analogous statute, the Bomb Hoax Act, rests on a flawed premise. See United States v. Hassouneh, 199 F.3d 175, 182 (4th Cir.2000) (“[I]f ‘maliciously’ simply meant ‘intentionally,’ there would seem to be a redundancy.”). The majority’s reliance on Hassouneh to drive its analysis of the statute in this case similarly leads it astray. Having found malice at common law to require only an intentional action, the majority then resolves that it must define malice as “evil purpose or motive” for purposes of 49 U.S.C. § 46507(1) in order to avoid creating indistinguishable civil and criminal prohibitions.[16] Yet, because common law *473 malice requires the government to make an additional showing that the defendant acted “without justification, excuse, or mitigation,” employing the common law definition in § 46507(1) will create no redundancy that requires us to look beyond the common law.
To support its conclusion, the majority also invokes a single stray remark by the Attorney General at the time that an analogous statute, the Bomb Hoax Act, was amended. Yet, the Supreme Court has consistently instructed that the grounds for inferring any alternative intent by Congress must come from the face of the statute, the definitions the statute provides, and any other, related provisions. See, e.g., Neder, 527 U.S. at 24 n. 7, 119 S.Ct. 1827 (noting that “rebuttal” of a common law meaning “can only come from the text or structure of the ... statutes themselves”); Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 322-23, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (noting that “a court must infer, unless the statute otherwise dictates” that Congress intends to apply the common law meaning, finding ERISA’s statutory definition of “employee” “completely circular,” and then applying the settled common law definition because in “the rest of the Act” the Court found no “provision either giving specific guidance on the term’s meaning or suggesting that [applying the common law meaning] would thwart the congressional design or lead to absurd results” (emphasis added)). Congress chose to employ the term “maliciously” in § 46507(1) but provided no definition of that term in the statute. Presumably Congress was aware that “malice” had a settled and storied meaning under the common law. Thus, absent the majority’s illusory “redundancy” or any other indication in the statute to depart from the settled common law meaning, there is no need or justification .to look to the legislative history.
Moreover, I am not convinced that the Attorney General’s passing use of the phrase “evil or reckless motive,” even if relevant, can bear the weight the majority places on it. It is not at all clear that the Attorney General’s informal account of the practical realities that necessitated a change to the Bomb Hoax Act was intended to describe the full reach of the term “willfully and maliciously” as used in the statute. We should give Congress the benefit of the term it actually chose to employ, but left undefined, even if that term reaches further than the situations the Attorney General described. And it is worth noting that malice, in the legal sense, has never required a showing of “hatred, spite, grudge, or ill-will.” Kelly, 676 F.3d at 918 (quoting Perkins & Boyce, supra, at 857); accord Black’s, supra, at 1100 (noting that defining malice as “[i]ll will” or “wickedness of heart” is “most typical in non-legal contexts”).
Thus, contrary to the majority, I conclude that the settled common law definition, requiring a two-pronged showing that the defendant intentionally committed a “wrongful act” and did so “without justification, excuse, or mitigation,” Serawop, 410 F.3d at 664, is the one Congress intended us to apply in § 46507(1).[17] And the district court’s instructions below comported with that settled common law meaning. Although perhaps not perfect, *474 the district court’s charge that the jury-must find Gray “d[id] something that is knowingly wrong” with an “evil purpose or improper motive” adequately conveyed the common law definition of malice. I do not see how the district court’s Inclusion of the word “improper” the second time that it provided the instruction — such that the jury might have found malice if it concluded Gray had an “evil purpose” or an “improper motive” — in any way watered down the government’s burden under the statute.[18] An “improper” motive or purpose equates with a lack of justification or excuse; in other words, having a justification or excuse for making a false bomb threat would perhaps supply a proper purpose or motive. And, I am less troubled than the majority appears to be that, by concluding a defendant acts maliciously when she has an improper motive, we will sweep in the entire “universe of things that are considered improper,” such as “wearing a hat indoors.” Maj. Op. at 468-69. To find malice, the jury always must conclude that the defendant has also taken an intentional, wrongful action (presumably one that has been statutorily proscribed).
Gray’s confession conclusively demonstrates that she acted intentionally, knowing her action was wrong, and without any justification, excuse, or mitigation. She admitted to making the bomb threat in the hopes of getting ground workers in trouble and she stipulated that she was aware that an American Airlines flight had been grounded previously due to a similar bomb threat found in an airplane lavatory. It sets the bar far too high to require the government to show that a defendant harbored an “evil intent” — against her airline employer or anyone else- — -in order to prosecute that individual for making a false bomb threat that necessitated the grounding and evacuation of an aircraft and the response of emergency personnel. Indeed, whatever the proper common law definition of malice, one would think that making a false bomb threat merely to cause some “benign mischief’ for a coworker is sufficiently malicious to sustain Gray’s conviction. Cf. Doe, 136 F.3d at 635 n. 4 (“ ‘An intentional act creating an obvious fire hazard to the dwelling of another, done without justification ... would certainly be malicious.’ ” (quoting Perkins & Boyce, supra, at 275)).
To its credit, the majority’s opinion provides a clear definition of malice in the context of 49 U.S.C. § 46507(1) for the district court to apply on remand. In the face of some disagreement among courts, such clarity is admirable. But where we can properly discern the settled common law definition, we must assume Congress incorporated it and then faithfully apply it. If Congress wishes to depart from that common law meaning it can clarify its use of the term in this or a future statute. Because there is no indication in the statute that Congress intended to do so here, however, and since the common law definition is sufficiently clear, I respectfully dissent.

. And the majority’s concern that adopting the actual common law definition does not adequately give effect to the distinct mens rea of "willfully,” see Maj. Op. at 466-67, is misplaced. To act "willfully” means to act intentionally; in other words, one acts "willfully” when she acts deliberately rather than inadvertently or mistakenly. But one acts "maliciously” — without justification or excuse— when she acts without a valid reason, even if she acts intentionally and not out of mistake or inadvertence. For example, under the settled common law definition one might argue that a defendant who makes a knowingly false *472 bomb threat in an effort to obtain help from law enforcement while being held hostage acts "willfully” (i.e., on purpose) but not "maliciously” (because she does so justifiably).

. As I have explained, I find the reasoning of those circuits that have embraced this truncated definition unpersuasive. The majority cites to a recent Seventh Circuit case, United States v. Grady, 746 F.3d 846 (7th Cir.2014), as proof that there is no "one size fits all” common law definition of malice. See Maj. Op. at 467. Yet, Grady relies on cases that have endorsed the very decisions I find unpersuasive. See, e.g., United States v. Gullett, 75 F.3d 941, 947 (4th Cir.1996) (citing United States v. Sweet, 985 F.2d 443, 445 (8th Cir.1993)). And, in any event, I do not read Grady to provide the categorical rejection of the phrase "without just cause or reason” the majority opinion portends. Instead, the Seventh Circuit equivocated on the common law definition in some respect. The court noted that, in the specific case before it, "the district court's decision to omit the 'without just cause or reason’ language from the instruction” was nevertheless "well-supported by the record” because "Grady ha[d] failed to point to any cognizable legal justification for starting the fire.” Grady, 746 F.3d at-849. The court concluded, thus, that "[tjhere was simply no legal basis to include the phrase and the district court acted well within its discretion in omitting it.” Id.

. The majority describes an additional "redundancy” not identified in Hassouneh, claiming that if "maliciously” meant intentionally, there would be a redundancy within § 46507(1). As an initial matter, this observation further supports my contrary conclusion that malice, under the common law, does not mean "intentionally.” Because federal and state statutes frequently pair the terms "willful” and "malicious,” it is hard to believe that courts and legislatures have long made use of redundant words when defining criminal and civil prohibitions. See, e.g., 10 U.S.C. § 926; 18 U.S.C., §§ 1363, 1368, 1991; Me. Rev.Stat. tit. 17, §§ 2401, 2402; Mass Gen. Laws ch. 266, §§ 1, 12 112, 129; N.H.Rev. Stat. Ann. §§ 154:13, 270:26-a, 384:22-a; R.I. Gen. Laws §§ 11-35-4, 11-36-9, 11-44-8, 11-44-31.
Second, even accepting the majority’s observation as fact, the majority seems to claim that such a redundancy internal to § 46507(1) somehow creates a problem vis-á-vis the civil penalty. Yet, that civil penalty, of course, requires neither "willful” nor "malicious” action, see 49 U.S.C. § 46302, and the legislative history the majority cites indicates that Congress thought deleting the term "willful” from the civil penalty in the analogous Bomb Hoax Act made a difference, see Maj. Op. at 465. Thus, even if "willful” and "malicious” meant the same thing under the common law — which they do not — any redundancy within § 46507(1) still creates no overlap *473 with § 46302 that would necessitate looking beyond the common law for a definition of "malice.”

. An intent to do the wrongful act may not always be necessary, either. An act might, instead, be done with sufficient disregard for the foreseeable harm that is likely to result such that it is considered malicious. See Kelly, 676 F.3d at 918 n. 6; Charles v. United States, 371 A.2d 404, 411 (D.C.1977).

. Although used in a civil, not criminal, context, I find it particularly informative that the term “improper motive” explicitly has been used to describe the showing of malice necessary for torts like malicious prosecution. See Smith v. Wade, 461 U.S. 30, 53, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (noting that malicious prosecution requires a showing of "improper motive” of the tortfeasor); id. at 60 n. 3, 78 n. 12, 103 S.Ct. 1625 (Rehnquist, J., dissenting) (noting the same and collecting cases).