# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3231

_____

Jaymar Stanton Adams,

*Petitioner - Appellant*,

v.

United States of America,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: March 10, 2017
Filed: August 25, 2017

_____

Before WOLLMAN, COLLOTON, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jaymar Stanton Adams pleaded guilty in 2013 to a charge that he conspired to distribute 100 kilograms or more of marijuana in South Dakota and elsewhere. The district court[1] sentenced him to 60 months' imprisonment. Adams later moved

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

unsuccessfully to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel, and this appeal concerns that motion.

Adams owned a medicinal marijuana farm in California. In January 2013, a grand jury in South Dakota charged him with conspiring to distribute 100 kilograms or more of marijuana in South Dakota and elsewhere from 2008 until 2012. Randolph Daar, an attorney based in California, represented Adams, and Daar arranged for Nichole Carper to serve as Adams's local counsel in South Dakota. Daar sent Adams a plea agreement and a supporting statement with a factual basis for the plea. The factual basis statement said that Adams had knowingly joined an agreement "to illegally distribute more than 100 kilograms of marijuana in South Dakota and elsewhere," and that Adams had "distributed . . . marijuana, or caused it to be distributed in South Dakota and elsewhere." Adams signed both documents and then pleaded guilty. The district court sentenced Adams to 60 months' imprisonment and ordered a forfeiture of $50,000 cash.

Adams later moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his counsel performed ineffectively by advising Adams to enter into a guilty plea without a sufficient factual basis. Adams, Daar, and Carper each submitted affidavits on the issue. The district court denied Adams's motion without an evidentiary hearing. The court concluded that although Adams and his counsel technically presented different facts in their affidavits, Adams's affidavit could not be accepted as true, because it was contradicted by his own statements at the change-of-plea and sentencing hearings.

Adams argues on appeal that his counsel was ineffective in recommending the guilty plea and that the district court erred by rejecting his claim without a hearing. We review for abuse of discretion the district court's denial of Adams's § 2255 motion without an evidentiary hearing, and we review *de novo* the merits of his

ineffective-assistance-of-counsel claim. *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996).

Federal Rule of Criminal Procedure 11(b)(3) provides that the district court must determine that there is a factual basis for a guilty plea. A factual basis is adequate if the court can reasonably determine that the defendant likely committed the offense. *United States v. Scharber*, 772 F.3d 1147, 1150 (8th Cir. 2014). The court may consider the plea agreement, stipulated facts, and a colloquy between the defendant and the court, among other things, in making the determination. *Id*.

To convict Adams of the charged offense, the government was required to establish (1) that there was a conspiracy, *i.e.*, an agreement to distribute 100 kilograms or more of marijuana in South Dakota and elsewhere; (2) that Adams knew of the conspiracy; and (3) that Adams intentionally joined the conspiracy. *See United States v. Jiminez*, 487 F.3d 1140, 1146 (8th Cir. 2007). The district court had a solid basis to accept the plea: Adams admitted in his signed plea agreement, signed factual basis statement, and colloquy with the district court that he had agreed with others to illegally distribute 100 kilograms or more of marijuana in South Dakota and elsewhere. He told the court that he had read the plea documents, discussed them with his counsel, and understood them. He also attested to their accuracy.

After judgment was entered, however, Adams attempted to recant. He alleged that he had not actually conspired to distribute marijuana in South Dakota. He claimed that he did not understand the plea proceeding, and blamed attorney Daar for urging him to plead guilty blindly. Adams asserts that he did not understand the plea agreement or factual basis statement, and that Daar never explained the documents. Adams says that he signed them only because Daar instructed him to do so. Adams also disowns his testimony at the change-of-plea hearing. He claims that Daar instructed him simply to answer "yes" to every question. Adams insists that although he had grown over 100 kilograms of marijuana at his farm in California, he never

conspired to distribute marijuana in South Dakota. He asserts that he thought his admissions in court pertained only to activities in California. Daar and Carper dispute Adams's account; both concluded that there was an ample factual basis for the plea, and Daar avers that he instructed Adams to answer all of the court's questions truthfully.

A court may resolve a § 2255 motion without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The district court recognized that it could not choose between competing versions of facts without an evidentiary hearing, but concluded that there was no genuine dispute that required live testimony. The court concluded that Adams's allegations could not be accepted as true because they were contradicted by the record and were inherently incredible.

An inmate is not automatically entitled to a trip back to the district court for an evidentiary hearing simply because he files an affidavit that conflicts on its face with the sworn statements of his attorney. The court may deny an evidentiary hearing if the movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Thomas v. United States*, 737 F.3d 1202, 1206-07 (8th Cir. 2013) (internal quotation omitted).

We see no abuse of discretion in the district court's conclusion that Adams's motion could be denied without a hearing. Adams's contention that Daar instructed him to answer "yes" to every question at the change-of-plea hearing is refuted by the fact that he answered "no" to multiple questions. The debunking of Adams's "all-yes" theory also undermines his contention that he signed the plea documents at Daar's behest without understanding them. Given that Adams chose between "yes" and "no" when answering the court's questions, the court was permitted to hold Adams to his sworn "yes" statements at the plea hearing that the plea-related

documents were accurate, and that he read the documents, discussed them with his counsel, and understood them. A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (internal quotations omitted).

Adams also contends that there was no factual basis for the plea because when the court asked whether the quantity involved in the conspiracy amounted to more than 100 kilograms of marijuana, he admitted only that he was involved in growing that quantity of marijuana in California. The court, however, did not ask merely about growing marijuana. The court recited Adams's written admission that he "personally grew, harvested, and obtained marijuana, illegally distributed marijuana, caused marijuana to be illegally delivered and distributed, paid others for marijuana, . . . received payments for marijuana, and . . . combined shipments of marijuana with other co-conspirators." Adams admitted that the activity just described involved 100 kilograms or more of marijuana. That Adams grew the marijuana in California does not undermine the factual basis for his plea to conspiring to distribute 100 kilograms or more of marijuana in South Dakota and elsewhere. The conspiracy charge did not require proof that 100 kilograms or more of marijuana was grown in South Dakota, or even trafficked in South Dakota. Adams admitted that the conspiratorial activities as a whole involved 100 kilograms or more of marijuana, and that the conspiracy occurred in South Dakota and elsewhere. That was sufficient to establish a factual basis.

The district court did not abuse its discretion in denying Adams's motion without an evidentiary hearing, because the record showed conclusively that counsel did not render ineffective assistance and that Adams was not prejudiced by the performance of counsel. The judgment of the district court is affirmed.

_____