PER CURIAM.
In this direct criminal appeal, Christopher Padilla challenges the sentence the district court[1] imposed after he pleaded guilty to drug and firearms charges. His counsel has moved to withdraw and submitted a brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), addressing whether the sentence was based on procedural error, or was otherwise substantively unreasonable, and stating there are no non-frivolous issues, as Padilla was sentenced to the statutory minimum.
After careful review, we conclude that no plain procedural error occurred, and any such error would have been harmless because the district court sentenced Padilla to the statutory minimum, see United States v. Henson, 550 F.3d 739, 740-41 (8th Cir. 2008) ; cf. United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) ; and that the sentence is not subject to review for reasonableness, as it was statutorily imposed, see United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006).
We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and have found no non-frivolous issues for appeal. With regard to the issue identified in Judge Kelly's dissent, a criminal defendant does not have "an absolute right to *919 have his guilty plea accepted by the court." Lynch v. Overholser, 369 U.S. 705, 719, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962). At the change-of-plea hearing, Padilla's attorney asked if the court would "allow Mr. Padilla to enter pleas of guilty to Count One and Three, and then if we would have a trial it would be solely on Count Two." The government objected, and the court denied the request. Padilla did not object to that ruling, which was not a plain error abuse of the district court's discretion. After a break in the hearing of approximately seventy five minutes, during which Padilla had ample time to confer again with his attorney, he returned to court and pleaded guilty to all three counts. On this record, there is no basis for a claim that Padilla's guilty plea to all three counts was not knowing and voluntary, or a claim that the district court denied his Sixth Amendment right to a jury trial.
Accordingly, we grant counsel's motion to withdraw and affirm.

The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.