# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1248

_____

United States of America

*Plaintiff - Appellee*

v.

Angel Morales

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 18, 2020
Filed: January 29, 2021
[Unpublished]

_____

Before GRUENDER, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

After a five-day trial, the district court[1] declared a mistrial when the jury was unable to reach a verdict as to whether or not Angel Morales was guilty of conspiracy to distribute or possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. A few days before the rescheduled trial date, Morales sent three emails to the court requesting leave to seek new counsel to replace retained counsel. With trial scheduled to begin on Monday, September 23, 2019, the court held a pretrial conference on Friday, September 20, 2019, as well as an *ex parte* hearing with Morales regarding the basis for his dissatisfaction with retained counsel.

After a lengthy discussion with Morales, the court informed Morales that it did not find a basis warranting new counsel, but that Morales was free to retain new counsel if that was his wish. The court set forth in detail the reasons it was not going to continue the trial. United States v. Bradshaw, 955 F.3d 699, 703 (8th Cir. 2020) (cleaned up) (noting the district court's discretion is at its zenith when a request to substitute counsel is made shortly before trial). Later that afternoon, Morales signed a plea agreement pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, in which Morales agreed to "waive all rights to a trial or appeal on the question of his guilt." The agreement also contained a stipulation for a sentence of 180 months' imprisonment.

Assuming for the sake of analysis that Morales's challenge to the voluntariness of his plea falls outside the scope of his appeal waiver, the change of plea transcript is replete with offers by the court to allow Morales more time to consider whether he wanted to plead guilty. The court also explained to Morales several different times during the plea colloquy that once the court accepted his plea, Morales could not later change his mind and withdraw his guilty plea unless the court decided not to impose

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

a sentence of 180 months. Each time Morales indicated he understood the consequences of his plea and never asked for more time to think about his decision to plead guilty. At no point did Morales express any reservations about pleading guilty. Morales's representations during the plea colloquy "carry a strong presumption of verity and pose a formidable barrier" in a subsequent attack. Adams v. United States, 869 F.3d 633, 635 (8th Cir. 2017) (quoting Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997)). At sentencing, the court imposed the stipulated-to 180-month term of imprisonment.

After a thorough *de novo* review of the record, we find the record unequivocally establishes that Morales's plea was knowing and voluntary. See United States v. Flynn, 969 F.3d 873, 878 (8th Cir. 2020) (citation omitted) ("Whether a plea was knowing and voluntary presents a mixed question of law and fact that we review *de novo*."); United States v. Padilla, 889 F.3d 917, 919 (8th Cir. 2018) (independently reviewing the record and finding no basis to find defendant's guilty plea was not knowing and voluntary). Morales's valid guilty plea waives the right to appeal "all nonjurisdictional defects and defenses." United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005). By entering a guilty plea, Morales waived his right to appeal the denial of his motion to continue premised on his desire to retain new counsel.

For the foregoing reasons, we affirm the judgment of the district court.

_____