**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LONGINOS CADENA TOGONON,
*Petitioner*,

v.

MERRICK B. GARLAND, Attorney
General,
*Respondent.*

No. 19-71693

Agency No.
A062-970-937

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2021
San Francisco, California

Filed January 10, 2022

Before: Richard A. Paez, Paul J. Watford, and
Michelle T. Friedland, Circuit Judges.

Opinion by Judge Watford

# SUMMARY[*]

## Immigration

Granting Longinos Togonon's petition for review of a decision of the Board of Immigration Appeals, the panel held that arson in violation of California Penal Code § 451 is not a categorical match to its federal counterpart, 18 U.S.C. § 844(i), and therefore, Togonon's § 451(b) conviction was not an aggravated felony that rendered him removable.

The BIA concluded that Togonon's conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(i), which defines the term "aggravated felony" to include "an offense described in" 18 U.S.C. § 844(i). As relevant here, § 844(i) prohibits "maliciously" damaging or destroying, by means of fire or an explosive, certain real or personal property.

The case turned on § 844(i)'s requirement that the defendant act "maliciously." Because the statute does not define that term, the panel presumed that Congress intended to adopt the term's established common law meaning. Joining the circuits to have addressed the issue, the panel held that a defendant acts "maliciously" if he either intentionally damages or destroys property covered by § 844(i) or acts with "willful disregard" of the likelihood that damage or injury would result from his or her acts. The panel also explained that acting with "willful disregard" requires that a defendant be subjectively aware of the risk that his actions will damage or destroy property and take the actions nonetheless.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Under California law, a "person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property." Cal. Penal Code § 451. Subsection (b), the provision under which Togonon was convicted, prohibits arson that "causes an inhabited structure or inhabited property to burn."

Although both the federal and state statutes require the defendant to act "maliciously," the panel explained that California courts have interpreted that term in § 451 to criminalize a broader range of conduct than § 844(i) does. To be convicted under the federal statute, a defendant need not have intended to damage or destroy property covered by the statute, but he must at least have engaged in an intentional act that resulted in damage to or destruction of such property, and in doing so, must have been subjectively aware of the risk that his actions would result in that harm. By contrast, a defendant may be convicted under the California statute for engaging in an intentional act that results in the burning of an inhabited structure or property even if he was not subjectively aware of the risk that his actions would result in that harm. Thus, the panel concluded that the California statute is not a categorical match to its federal counterpart.

The panel also concluded that its interpretation was not foreclosed by the court's decision in *United States v. Doe*, 136 F.3d 631 (9th Cir. 1998). The panel explained that *Doe* involved a defendant engaged in the *actus reus* of the offense intentionally and did not speak to the issue here – namely, the mental state that must be shown when a defendant does not intentionally engage in conduct prohibited by the statute, but rather intentionally engages in an action that causes the effect prohibited by the statute.

**COUNSEL**

Matthew N. Ball (argued), Gibson Dunn & Crutcher LLP, Denver, Colorado; Paul J. Collins, Gibson Dunn & Crutcher LLP, Palo Alto, California; Andrew T. Brown and Matt Aiden Getz, Gibson Dunn & Crutcher LLP, Los Angeles, California; for Petitioner.

Imran Zaidi (argued) and Joseph D. Hardy, Trial Attorneys; Anthony C. Payne, Assistant Director; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

WATFORD, Circuit Judge:

Petitioner Longinos Togonon, a native and citizen of the Philippines, was admitted to the United States as a lawful permanent resident in 2013. In 2015, he was convicted of arson in violation of California Penal Code § 451(b) and sentenced to three years of imprisonment. In 2018, the Department of Homeland Security initiated removal proceedings against Togonon, alleging (as relevant for our purposes) that his arson offense qualifies as an "aggravated felony." *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). The Immigration and Nationality Act defines the term "aggravated felony" to include "an offense described in" 18 U.S.C. § 844(i). 8 U.S.C. § 1101(a)(43)(E)(i). The Board of Immigration Appeals (BIA) held that a conviction under California Penal Code § 451(b) is an offense described in 18 U.S.C. § 844(i) and that Togonon is therefore subject to removal from the

United States. Reviewing that decision *de novo*, *see Sandoval v. Sessions*, 866 F.3d 986, 988 (9th Cir. 2017), we conclude that the BIA erred in so holding. We accordingly grant Togonon's petition for review.

To determine whether a state offense is "described in" 18 U.S.C. § 844(i), we employ the categorical approach. Under that approach, we compare the elements of the state offense with the elements of the offense proscribed by § 844(i). If the state offense "criminalizes a broader range of conduct" than its federal counterpart, *United States v. Edling*, 895 F.3d 1153, 1155 (9th Cir. 2018), the state offense is not a categorical match and does not qualify as an aggravated felony.

The elements of the offense proscribed by § 844(i) are readily discernible from the text of the provision. Under § 844(i), anyone who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" shall be punished according to law. Thus, to obtain a conviction, "the government must prove that the defendant: (1) maliciously; (2) damaged or destroyed a building, vehicle, or other real or personal property; (3) by means of fire or explosive; and (4) the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *United States v. Gullett*, 75 F.3d 941, 947 (4th Cir. 1996). In conducting our analysis, we ignore the jurisdictional element (requiring a nexus to interstate or foreign commerce) and focus solely on the three substantive elements of the crime. *Luna Torres v. Lynch*, 578 U.S. 452, 473 (2016).

This case turns on the first element, which requires that the defendant act "maliciously." Because the statute does not define "maliciously," we presume that Congress intended to adopt the term's established common law meaning. *See United States v. Jones*, 681 F.2d 610, 611 (9th Cir. 1982). At common law, a defendant committed arson (the closest common law analogue of § 844(i)) by maliciously burning the dwelling house of another. 3 Wayne R. LaFave, Substantive Criminal Law § 21.3, at 314 (3d ed. 2018). A defendant acted maliciously by *intentionally* burning the dwelling house of another or by doing so *wantonly*, meaning "intentionally doing an act (e.g., starting a fire or burning his own premises) under circumstances in which the act created a very high risk of burning the dwelling house of another, where the actor knew of that risk but nonetheless engaged in the risk-taking act." *Id.* § 21.3(e), at 329–30; *see also* Rollin M. Perkins & Ronald N. Boyce, Criminal Law 859–60 (3d ed. 1982); John Poulos, *The Metamorphosis of the Law of Arson*, 51 Mo. L. Rev. 295, 322 (1986).

Every circuit to address the issue has borrowed the common law meaning of "maliciously" when defining the *mens rea* element of § 844(i). We join these courts in holding that a defendant acts "maliciously" if he either intentionally damages or destroys property covered by § 844(i) or acts "with willful disregard of the likelihood that damage or injury would result from his or her acts." *Gullett*, 75 F.3d at 948; *accord United States v. Grady*, 746 F.3d 846, 848–49 (7th Cir. 2014); *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998) (per curiam); *United States v. Corona*, 108 F.3d 565, 571 (5th Cir. 1997); *see also McFadden v. United States*, 814 F.2d 144, 146 (3d Cir. 1987) (interpreting the same *mens rea* requirement in 18 U.S.C. § 844(f)). To act with "willful disregard," the

defendant must be subjectively aware of the risk that his actions will damage or destroy property and take the actions nonetheless. *See Corona*, 108 F.3d at 571; *Gullett*, 75 F.3d at 948.

We can turn now to the elements of arson under California Penal Code § 451(b). California defines arson generally as follows: "A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property." Cal. Penal Code § 451. Succeeding subsections specify different punishments for the offense, depending on factors such as the type of property burned. Subsection (b), the provision under which Togonon was convicted, prohibits arson that "causes an inhabited structure or inhabited property to burn."

In comparing the elements of arson under California Penal Code § 451(b) with the elements of 18 U.S.C. § 844(i), we can begin and end our analysis with the *mens rea* element. Although both statutes require the defendant to act "maliciously," California courts have interpreted that term in California Penal Code § 451 to criminalize a broader range of conduct than § 844(i) does.

The case most relevant for our analysis is the California Supreme Court's decision in *In re V.V.*, 252 P.3d 979 (Cal. 2011). There, two teenagers ignited a firecracker and threw it onto a brush-covered hillside, starting a fire that burned five acres of forest land. *Id.* at 980–81. The evidence established that the defendants intentionally ignited the firecracker and threw it onto the hillside, but they had not intended to burn forest land. *Id.* at 985. The California Supreme Court upheld their juvenile adjudications under California Penal Code § 451. The court concluded that malice under § 451 requires only "a general intent to

willfully commit the act of setting on fire under such circumstances that the direct, natural, and highly probable consequences would be the burning of the relevant structure or property." *Id.* at 984. The defendants in *V.V.* did not need to "know *or be subjectively aware* that the fire [on the forest property] would be the probable consequence of their acts." *Id.* at 985 (emphasis added). Instead, they could be convicted so long as they were aware of facts that "would lead a reasonable person to realize that the direct, natural, and highly probable consequence of igniting and throwing a firecracker into dry brush would be the burning of the hillside." *Id.*

The government disagrees with this reading of *V.V.*, arguing that the defendants in that case *were* subjectively aware of the risk that their actions would cause the burning of forest land. We acknowledge the presence of language in the opinion to support that view. *See id.* ("Although V.V. and J.H. did not intend to set the hillside on fire, they knew that their intentional acts created a fire hazard."); *id.* at 985 n.4 (discussing how a third minor alerted the defendants to the risk of injuring someone with the firecracker). But the California Supreme Court nevertheless made clear, in the passage quoted earlier, that subjective awareness of the risk that forest land would be burned was not required for conviction. *Id.* at 985. And California appellate courts have interpreted *V.V.* in precisely that manner, upholding convictions under California Penal Code § 451 without requiring proof that the defendant was subjectively aware of the risk of burning forest land or other property. *See, e.g.*, *Mason v. Superior Court*, 195 Cal. Rptr. 3d 527, 538 (Ct. App. 2015).

Given the way California courts have interpreted the *mens rea* requirement of California Penal Code § 451, we

conclude that Togonon's conviction under § 451(b) does not categorically match the offense proscribed by 18 U.S.C. § 844(i). As discussed above, to be convicted under § 844(i), a defendant need not have intended to damage or destroy property covered by the statute. But he must at least have engaged in an intentional act that resulted in damage to or destruction of such property, and in doing so, he must have been subjectively aware of the risk that his actions would result in that harm. By contrast, a defendant may be convicted under California Penal Code § 451(b) for engaging in an intentional act that results in the burning of an inhabited structure or property even if he was *not* subjectively aware of the risk that his actions would result in that harm. The California Supreme Court made that point clear in *V.V.* when it held that the defendants "were not required to know or be subjectively aware that the fire"— that is, the burning of forest land—"would be the probable consequence of their acts." 252 P.3d at 985. Thus, California Penal Code § 451(b) criminalizes a broader range of conduct than is prohibited under 18 U.S.C. § 844(i) and therefore is not a categorical match to its federal counterpart.

The only remaining issue is whether our interpretation of the *mens rea* requirement of § 844(i)—under which the defendant must at least be subjectively aware of the risk of damaging or destroying property—is foreclosed by our decision in *United States v. Doe*, 136 F.3d 631 (9th Cir. 1998). In *Doe*, the defendant was convicted under a different statute, 18 U.S.C. § 81, which punishes anyone who, "within the special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns any building, structure or vessel," or certain types of personal property. The defendant was a seventh-grade student who intentionally set fire to a paper towel in a paper-towel dispenser attached to a privacy partition in the girls'

bathroom.  136 F.3d at 633–34, 636.  She let the flame burn for a moment and then blew it out, or so she thought.  After the defendant left the bathroom and returned to class, the school building caught fire, causing extensive damage.  *Id.* at 633–34.

Although it was undisputed that the defendant did not intend to burn down the school building, our court upheld her conviction.   We concluded that the defendant had "willfully and maliciously" set fire to the school building, as required under § 81, because she had intentionally "set fire to a paper towel in a dispenser attached to a partition in the building." *Id.* at 636.  We regarded that act as setting fire to the building itself (the *actus reus* of the offense) and held that because the defendant engaged in that act intentionally, nothing more was required to establish that she committed the *actus reus* "willfully and maliciously."   The district court's finding that the defendant "knew the likely result of her conduct would damage the school" was therefore unnecessary to sustain the conviction. *Id.*

We do not think *Doe* has any bearing on our interpretation of 18 U.S.C. § 844(i).  As we have explained, a defendant acts "maliciously," as that term was understood at common law, if she commits the *actus reus* of the offense either intentionally or wantonly.  The court in *Doe* decided that the defendant engaged in the *actus reus* of the offense (setting fire to the school building) *intentionally*, so there was no need to explore whether she had acted wantonly.  In other words, whether the defendant was subjectively aware of the risk that her actions would result in damage to the school building was irrelevant because her intentional act of setting fire to a portion of the school building was itself sufficient to support a conviction under 18 U.S.C. § 81.  In contrast, the present case requires us to flesh out the mental

state that must be shown when a defendant does *not* intentionally engage in the conduct prohibited by the statute, but rather intentionally engages in an action that then causes the effect prohibited by the statute. *Doe* does not speak to that issue at all.

Our decision in *Doe*, however, underscores just how broadly the California Supreme Court construed the arson statute in *V.V.* California Penal Code § 451 and 18 U.S.C. § 81 both punish anyone who "willfully and maliciously sets fire to or burns" specified property. In *Doe*, the defendant intentionally set fire to or burned property specified in § 81—namely, the school building. But in *V.V.*, the defendants did not intentionally set fire to property specified in § 451—there, forest land. They intentionally "set fire" only to a firecracker, and their act of throwing the firecracker, however dangerous, was not committed with an intent to set fire to forest land. Since the defendants in *V.V.* did not intentionally set fire to or burn forest land, they could have been convicted under the common law definition of "maliciously" only if they had set fire to or burned forest land wantonly. And establishing wanton conduct under common law malice, as discussed, would have required proof that the defendants were subjectively aware of the risk that their actions would result in the burning of forest land— precisely the mental state that the California Supreme Court held the defendants were not required to possess for § 451. 252 P.3d at 985. In so holding, the California Supreme Court construed § 451 to criminalize conduct that would not be covered under either 18 U.S.C. § 81 or § 844(i).

Because we hold that Togonon is not removable on the only ground still asserted by the government, we need not

consider his claim for relief from removal under the Convention Against Torture.

**PETITION FOR REVIEW GRANTED.**